### ALEXANDER v. AUTOMATIC MAIL DELIVERY CO.

(Supreme Court, Appellate Term. June 1, 1910.)

**1. WORK AND LABOR (§ 26*)—IMPLIED PROMISE OF PAYMENT.**

The rule implying a promise to pay for work done at another's request is based upon the presumption that a reasonable person expects to pay for work he requests to be done; but such presumption may be rebutted by proof that both parties contemplated that the work was to be gratuitous, or that circumstances were such that a reasonable man would not have expected to pay.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 47–49; Dec. Dig. § 26.*]

**2. WORK AND LABOR (§ 13*)—IMPLIED PROMISE OF PAYMENT.**

Plaintiff performed certain work for defendant under a contract, which defendant was himself bound to perform by contract with third persons, the work being such that plaintiff's proper performance thereof would discharge defendant's obligation to such third persons; but, pursuant to their complaints as to the quality of the work, defendant requested plaintiff to do certain additional work, which he did, without any express promise of payment, and with knowledge that defendant was not bound to have the work done for such others, unless plaintiff did not properly perform his contract with defendant. *Held*, that plaintiff could not have reasonably expected pay for such additional work, but must have regarded it as in performance of his express contract with defendant for the original work, so that no promise to pay him therefor would be implied.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. § 28; Dec. Dig. § 13.*]

**3. WORK AND LABOR (§ 28*)—ACTIONS—SUFFICIENCY OF EVIDENCE.**

In an action for the value of services claimed to have been rendered at defendant's request, a letter written by plaintiff *held* to show that, up to the time of its date, plaintiff did not expect to be paid for certain work he had done.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. § 55; Dec. Dig. § 28.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Harry Alexander against the Automatic Mail Delivery Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Justus P. Sheffield (R. J. Leibenderfer, of counsel), for appellant. Harry W. Newburger (George E. Joseph, of counsel), for respondent.

LEHMAN, J. The plaintiff has brought an action for the value of work, labor, and services which, he alleges, he rendered at the defendant's request at divers times between the 15th day of March,

1907, and the 1st day of November, 1907, in connection with repairing and maintaining certain automatic mail delivery apparatus in three apartment houses in the city of New York. The defendant does not deny that the plaintiff rendered services between those dates, but alleges that the plaintiff agreed to install the automatic mail delivery apparatus in these apartment houses for considerations aggregating the sum of $7,050; that prior to the commencement of this action the defendant had paid the plaintiff this sum, but that the plaintiff performed his work so negligently, carelessly, unskillfully, and in such an unworkmanlike manner that it was and is of no value. The defendant further alleges that any work done in connection with the apparatus at the times mentioned in the complaint was work which the plaintiff agreed to do in consideration of the payment of the said sum of $7,050, or work which became necessary solely by reason of the careless, unskillful, and unworkmanlike manner in which the plaintiff had performed the work called for by the agreement to install the apparatus, and that the defendant never agreed to pay him the sum mentioned in the complaint, or any part thereof, for such work, labor, and material, and it denies that anything is due to the plaintiff. The defendant also counterclaims for the negligent manner in which the original installation was made.

At the trial the plaintiff gave some vague and unsatisfactory testimony of the value of his services during the times mentioned in the complaint and then rested. Nowhere in the record are these services definitely described. Thereupon the defendant showed that it, as owner of certain patents and devices, obtained contracts for the installation of the mail delivery apparatus in the three apartment houses mentioned in the complaint; that the plaintiff agreed to make this installation; that the plaintiff did install a delivery system in each of the houses; that about March 5, 1907, it paid the plaintiff in cash and notes the full consideration for the installation; that the installation did not work satisfactorily, and that in May the plaintiff was notified that the defendant would hold him responsible for the defects, and from March 5 to October 30, 1907, he was notified several times that the apparatus was not working satisfactorily, and performed certain work upon it, apparently to meet these complaints. On October 30, 1907, the plaintiff wrote to the defendant that he had carefully examined the apparatus, and that it contained no defects due to his work, concluding his letter as follows:

"I will again state that, if I can be of *any further service* to you, I will gladly do so; but you must understand that I have fulfilled my contract in every respect, and *any services* rendered will be subject for an additional charge, as you cannot expect me to maintain, operate, and improve this apparatus *continually* without remuneration." (Italics mine.)

This testimony is uncontradicted, and upon this testimony it seems to me that a judgment for the plaintiff is erroneous, regardless of the question whether or not the defendant has shown that the plaintiff's work was in fact performed in a negligent or unworkmanlike manner. While it is elementary that the law implies a promise to pay for work performed at the request of another, it is equally elementary that the

law implies this promise from the presumption that a reasonable man expects to pay for work that he requests another man to do. This presumption may be rebutted by proof that both parties contemplated that the work was to be done without remuneration, or that the workman as a reasonable man should from the circumstances have realized that the other party did not expect to pay for the work. In this case the plaintiff performed work under a contract for the defendant, which the defendant was obligated to perform by contract with certain third parties. If the plaintiff properly performed his work, then the defendant would be under no further obligations to these third parties. To meet complaints of the third parties, the defendant requested the plaintiff to perform certain additional work, and the plaintiff performed this work without any express promise to be paid, and knowing that the defendant was under no obligation to satisfy these complaints and to perform the work for the third parties unless he had failed to perform fully his work for the defendant. Under such circumstances it would certainly appear that no reasonable man in the position of the plaintiff would expect the defendant to pay for such work, but would regard the performance of such additional work as part of the express contract for the original work, or as a gratuity to satisfy all demands. The letter of October 30, 1907, shows that up to that time the plaintiff did not 'expect to be paid for his work, and he performed no work for the defendant thereafter.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

GIEGERICH, J., concurs. DAYTON, J., concurs in result.