[Civ. No. 2954.   Third Appellate District.—April 3, 1925.]

## C. D. STOWE, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF SACRAMENTO et al., Respondents.

[1] CRIMINAL LAW—DISMISSAL OF APPEAL—APPLICABILITY OF SECTION 955, CODE OF CIVIL PROCEDURE, TO CRIMINAL CASES.—Section 955 of the Code of Civil Procedure, which provides that "the dismissal of an appeal is in effect an affirmance of the judgment or order appealed from, unless the dismissal is expressly made without prejudice to another appeal," relates specifically to a civil action, but the same principle applies as well to criminal cases. Upon the appeal being dismissed, the judgment becomes a final judgment, not simply of the trial court, but of the court to which the appeal was taken, unless it is otherwise controlled or limited as therein stated.

[2] ID.—AFFIRMANCE OF JUDGMENT—MODIFICATION OR AMENDMENT OF JUDGMENT—JURISDICTION OF TRIAL COURT.—A trial court, in a criminal case, has no jurisdiction to amend, alter, or modify its judgment after such judgment has become, in effect, a judgment of the appellate court.

[3] ID.—WHEN JURISDICTION IS TRANSFERRED—DISMISSAL OF APPEAL— EFFECT OF.—When the notice of appeal in a criminal case is filed, the jurisdiction of the trial court in relation to the judgment is transferred to the district court of appeal, and, whether the dismissal of the appeal is accomplished, either by operation of law or by the order of the latter court, the judgment from which the appeal has been taken becomes final; and the principle as to the lack of jurisdiction to modify or change a final judgment in the trial court applies.   (On denial of rehearing.)

(1) 17 **C. J.**, p. 197, n. 45, 46, 46 New.   (2) 17 **C. J.**, p. 374, n. 31, 31 New.   (3) 17 **C. J.**, p. 197, n. 46 New, p. 374, n. 31, 31 New.

PROCEEDING in Mandamus to compel the Superior Court of Sacramento County to hear and determine motion to vacate judgment in criminal action.   Charles O. Busick, Judge.   Petition denied.

2.   Power of court to revise or amend sentence, note, 79 **Am. Dec.** 779.

Power of trial court to change sentence after affirmance, note, 23 **A. L. R.** 536.   See, also, 8 **Cal. Jur.** 520.

The facts are stated in the opinion of the court.

Charles L. Gilmore and Work & Ashby for Petitioner.

J. J. Henderson, District Attorney, and W. A. Green, Deputy District Attorney, for Respondents.

PLUMMER, J.—Petitioner prays for an order of this court directing and commanding the superior court of the state of California, in and for the county of Sacramento, and Honorable Charles O. Busick, as Judge thereof, to hear and determine a certain petition filed in said court by the petitioner herein, in a certain action tried in said court, entitled *"The People of the State of California, Plaintiff,* v. *C. D. Stowe, Defendant."* The record before us shows the following: That the petitioner herein on the fourth day of February, 1925, pleaded guilty to an information charging him with the crime of driving an automobile upon a public highway in the city of Sacramento, while under the influence of intoxicating liquor; that after the entry of said plea, the defendant asked that he be granted probation, which request, after hearing, was denied by said court, and on the eleventh day of February, 1925, the said court, the Honorable Charles O. Busick, presiding, rendered judgment against the defendant and pronounced sentence to the effect that the defendant be imprisoned in the state prison of the state of California, as provided by law, for the offense of which he pleaded guilty; that thereafter, and on the same day, the said court made its order that a commitment issue in accordance with said sentence, and that in pursuance of said order and judgment a commitment was duly issued, directed to the sheriff of the county of Sacramento, commanding him to deliver the person of the said defendant to the warden of the state prison at San Quentin, in execution of said judgment and sentence; that thereafter the defendant regularly, and in the manner provided by law, appealed from the judgment of said court entered in said cause to the appellate court of the third district of the state of California; that thereafter, and without filing any record on appeal in said cause, upon motion of defendant, the appeal theretofore taken by him from the judgment of said superior court to said district court of appeal was duly dis-

missed, by order of said district court of appeal, in and for the third appellate district; that thereafter, and on or about the twenty-fifth day of February, 1925, after notice regularly given, upon verified petition filed therein, said defendant moved said superior court of the state of California, in and for the county of Sacramento, to set aside the judgment and sentence theretofore entered against him in the cause hereinbefore referred to; that the said superior court and the said Honorable Charles O. Busick, presiding therein, then and there refused and still refuses to entertain or pass upon said motion, upon the ground that the said superior court's jurisdiction over the cause of the *People of the State of California, Plaintiff,* v. *C. D. Stowe, Defendant,* on the charge hereinbefore referred to, no longer existed, and that said superior court no longer had jurisdiction to alter, amend, or vacate said judgment, or modify the sentence pronounced in said cause.

In the presentation of this case a large number of authorities have been called to our attention relative to the power of a trial court to amend, vacate, or modify its judgments prior to the time when actual execution thereof has been begun, that is, prior to the time when the defendant has been actually delivered to the custody of the officer, whose duty it is, under the laws of the state, to execute the sentence and judgment of the trial court. These cases, while practically presenting an unbroken line of authorities on the subject, are, for the reasons hereinafter stated, inapplicable, and need not either be stated or considered herein.

A recital of the facts contained herein shows that the petitioner regularly appealed to this court from the judgment of the trial court, and that upon his motion said appeal was dismissed. [1] By section 955 of the Code of Civil Procedure it is provided that "the dismissal of an appeal is in effect an affirmance of the judgment or order appealed from, unless the dismissal is expressly made without prejudice to another appeal." This, of course, relates specifically to a civil action, but the same principle, as we shall subsequently show, applies as well to criminal cases. Upon the appeal being dismissed, the judgment becomes a final judgment, not simply of the trial court, but of the court to which the appeal was taken, unless it is otherwise controlled or limited as therein stated.

[2] In the case of *United States* v. *Howe,* 280 Fed. 815 [23 A. L. R. 531], it is held that a trial court has no power, even during continuance of the term at which it was rendered, to alter or amend a judgment after it has been affirmed by an appellate court. After considering the power of trial courts in general to amend, alter, or change judgments before execution thereof has been had, the court uses the following language, which we think decisive in this cause: "Another restriction upon the power to alter or amend a judgment is that such power does not exist after the judgment has been affirmed by the appellate court. In the federal courts, after an appellate court has decided a case brought before it on writ of error, it sends its decision down to the court below, whose proceedings have been reviewed, by means of a mandate which directs that court to enforce or reverse and set aside the judgment as the case may be; and the jurisdiction of the court below, which was lost by the suing out of a writ of error, is reacquired when such a mandate is filed with it. Now we understand it to be well established that a judgment which the appellate court has affirmed, and by its mandate directed the court below to enforce, cannot thereafter be altered in any way by the lower court, and that irrespective of whether the term was extended or not. In Encyclopedia of Pleading and Practice, volume 13, page 850, it is correctly laid down that 'the judgment of the appellate court cannot be modified or vacated by the lower court on the remand to it of the case, nor can the lower court alter or modify the judgment originally entered by it.'

"In the case of *Re Sanford Fork & Tool Co.,* 160 U. S. 247, 255 [40 L. Ed. 414, 416, 16 Sup. Ct. Rep. 291, 293, see, also, Rose's U. S. Notes], the Supreme Court said: 'The circuit court is bound by the decree as the law of the case, and must carry it into execution, according to the mandate. The court cannot vary it, or examine it for any other purpose than execution or give any other or further relief or review it, even for apparent error, upon any matter decided on appeal, or intermeddle with it, further than to settle so much as has been remanded.'

"The above statement of the law is alike applicable to civil and criminal cases, and the fact that the term has been

extended is quite immaterial. The judgment which was before this court was in law disposed of and finally settled by our discretion, and is the law of the case beyond the power of the court below, which must carry it into execution according to the mandate. (*Sibbald* v. *United States,* 12 Pet. 488, 492 [9 L. Ed. 1167, 1169].)''

In a note accompanying the report of this case are a number of decisions of state courts to the same effect. To the same effect is the case of *Meyer* v. *Kohn,* 33 Cal. 484, also the case of *Kirby* v. *Superior Court,* 68 Cal. 604 [10 Pac. 119]. Irrespective of whether a trial court may or may not amend, alter, or modify a judgment in a criminal case before execution thereof has been had, which we do not decide, it is clear that jurisdiction to do so after the judgment has become, in effect, a judgment of an appellate court, does not exist. The petition for a writ of mandate is denied.

Jones, J., *pro tem.,* and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 4, 1925, and the following opinion then rendered thereon:

THE COURT.—The petitioner in his application for a rehearing herein, calls attention to the fact that the appellant, in his appeal in the case of *The People of the State of California* v. *C. D. Stowe,* dealt with in the opinion of the court herein, did not perfect his appeal according to the provisions of section 1247 of the Penal Code, and that under the provisions of said code, after the time had expired for taking the requisite steps specified to be taken after filing his notice of appeal, the law automatically dismissed appellant's appeal, irrespective of the order of dismissal entered by the court and that under such circumstances, the cases relied upon as to modifying the judgment after affirmance or after dismissal, when an appeal had been taken, are inapplicable. [3] We think that when the notice of appeal was filed, the jurisdiction of the trial court in relation to the judgment was transferred to the district court of appeal, and that whether the dismissal of the appeal was accomplished, either by operation of law or by the or-

der of this court, the judgment from which the appeal had been taken became final, and that the principle as to the lack of jurisdiction to modify or change a final judgment in the trial court, as set forth in the opinion heretofore filed in this case, applies. These matters were considered but not set forth in the opinion of the court.

The petition for a rehearing is denied.

A petition by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 1, 1925.

All the Justices present concurred.