The petition in this cause was filed pursuant to R.S. 2:15-12
seeking a review on appeal of an order entered on the advice of Vice-Chancellor Berry adjudging the defendant Caruba guilty of a contempt facie curiae and ordering that he be committed to the Essex County jail for a period of 60 days. This order was entered February 20th, 1947. In re Caruba, 139 N.J. Eq. 404.
An appeal was taken to the Court of Errors and Appeals by the defendant by authority of R.S. 2:15-13 on which appeal the defendant contended, inter alia, that the contempt was not committed in the presence of the court, that he was not guilty of any criminal contempt because his acts had not resulted in an obstruction of justice, and that the sentence imposed was excessive.
The Court of Errors and Appeals by a closely divided court affirmed the decree of this court in all respects. In re Caruba,140 N.J. Eq. 563. That affirmance was rested on these grounds: (1) that the defendant's acts did impede the course of justice and were obstructive, (2) that the offense was duly charged, fully proved, and was committed in the actual presence of the court, and (3) that the sentence was not excessive under the circumstances of the case. The court carefully *Page 360 
pointed out, that while all courts of record as courts haveinherent powers over contempt, the powers of the courts of this State "do not rest so much upon what inherently belongs as upon the actual powers of our Colonial courts and of the English courts to whose jurisdiction and powers they succeeded."
The defendant filed two successive petitions for leave to apply for reargument which were denied. A motion to amend theremittitur was joined with the second petition.
The remittitur as entered and filed recited that "the order of the Court of Chancery * * * be and the same is hereby affirmed in all things * * * and that the petition of appeal be and the same is hereby dismissed * * * this cause is remitted to the Court of Chancery, for further proceedings thereon according to law and the practice of the court."
On that motion to amend the remittitur the defendant insisted that since the court found that the contempt was committed in the actual presence of the Court of Chancery, that the Court of Errors and Appeals was without jurisdiction to hear the appeal on the merits and the same should have been dismissed without prejudice to the right of the defendant to prosecute a review elsewhere. The motion was denied and the record was remitted to this court on the record stated above.
On the defendant's application, I stayed the entry of the decree as affirmed to permit the defendant to make this application.
On this argument the defendant insisted anew that the Court of Errors and Appeals was without jurisdiction, since the statutory right to hear an appeal from a conviction of criminal contempt in the presence of the Court of Chancery was vested exclusively in the Chancellor, R.S. 2:15-12, whereas the Court of Errors and Appeals was vested with the jurisdiction to hear appeals only from a conviction for a contempt not committed in the presence of the Court of Chancery, R.S. 2:15-13.
I then informed counsel that while a persuasive argument based on the statutory provisions could be made as to the *Page 361 
authority of the Chancellor to presently entertain the defendant's statutory petition of appeal, I considered it presumptuous and that I was without power to exercise such authority and jurisdiction, because such a step by the Chancellor could be construed as and was a challenge to the judgment of the court of last resort of this State, which resolved and decided all the material questions raised in the present petition.
For the purposes of this application I limited the argument to two questions: (1) whether the Chancellor could, if he were so disposed, modify the sentence as imposed and affirmed, and (2) if the Chancellor could and was so disposed, to state the reasons which should move him to modify such sentence.
Patently, if the answer to the first question is in the negative, it would be dispositive of this application.
Distinguished and able counsel have filed carefully prepared briefs on these questions which accentuate the difficulty of the problem.
The judgment which the defendant seeks to modify is not now the decree of this court, except for a single purpose, namely to be carried into effect; for all other purposes it is the judgment of the court of last resort, and as such must be respected and obeyed by this court. Jewett v. Duringer, 31 N.J. Eq. 586,590. I do not consider a judgment of conviction of criminal contempt an exception to the stated rule. A material distinction to form the basis of an exception is not implicit in the thought that the offended court alone is concerned with the hurt and with the manner of vindicating that hurt and that it alone controls the proceedings instituted for its vindication, since a criminal contempt is more than an affront to the dignity and authority of the court.
The power to hold a person in contempt for obstructing justice is given to a court to keep the course of justice free and by and through its exercise to insure that law and order shall prevail. The power is not vested in the court to protect the person and dignity of the judge, but for the protection of the public, whose interest it is that decency and decorum should be preserved in courts of justice. Rex v. Davidson, 4 Band Ald. 329; Oswald onContempt (2d ed.) 12, 13. *Page 362 
A criminal contempt is an offense against organized society and as such raises an issue between the public and the accused.Staley v. South Jersey Realty Co., 83 N.J. Eq. 300, 304.
So, like other criminal offenses, criminal contempts can and have been pardoned by the Crown and the executive authority of the United States and the several states. Oswald on Contempt
(2d ed.) 3; In re Grossman, 267 U.S. 87, 111; 69 L.Ed. 527;45 Sup. Ct. 332; Cook v. Board of Freeholders, c.,26 N.J. Law 326, 327, 331 et seq.; affirmed, 27 N.J. Law 637; In re Boardof Pardons, 97 N.J. Eq. 555, 559, but the pardoning power does not apply to civil contempt. This is one of the distinctions between a civil and criminal contempt. In re Grossman, supra
(at p. 111).
This power of pardon is so placed, as Blackstone states, because it would be impolitic for the power of judging and pardoning to center in one and the same person; it would oblige a judge to make or unmake his decisions and would tend to confound all ideas of right among the masses of the people as they would find it difficult to tell whether the prisoner was discharged by his innocence or obtained a pardon through favor. 4 Blackstone*397; Cook v. Board of Freeholders, supra (at pp. 531 etseq).
The Chancellor has no power of pardon. That power is vested in the Governor of this State. Constitution 1947, article V,section II.
It is true that in some cases of criminal contempt where a person was sentenced to a common jail, and no appeal was taken, that the Chancellor has commuted the sentence when in his judgment the contempt was purged, after full amends had been made for the affront to the dignity of his court, but in these cases while the sentence was for a definite term it was indeterminate since it was imposed subject to the limitation "unless the Chancellor shall see fit to discharge him." Staley v. SouthJersey Realty Co., 83 N.J. Eq. 300, 303. I have found no case, however, where such action was taken by one of my predecessors after the affirmance of such conviction on appeal.
In England it has been held that where a sentence for a *Page 363 
fixed term has been imposed for a criminal contempt that the Crown alone can discharge the defendant, and a learned judge expressed the opinion that it is doubtful that the court has the authority to reverse or modify a sentence of imprisonment for a fixed term. In re the contempt of the Dowager Duchess ofSutherland, cited in Oswald on Contempt 197; Cf. In re Griffen,98 N.C. 225; 3 S.E. Rep. 515; Typothetae of the City of New York
v. Typographical Union No. 6, 123 N.Y.S. 976; 122 N.Y.S. 975.
Exhaustive search by counsel and myself has brought to light no case wherein a court has changed or held it had the power to change or commute a sentence after that sentence had been approved by a court of last resort and set forth that approval in its mandate. The law, it seems, is well settled that after the affirmance of a conviction for crime, the trial court is powerless to change a sentence for a fixed term.
For these fundamental reasons all of which deny me, as Chancellor and a judicial officer, the power to modify the judgment of the court of last resort, I must deny in all respects the application before me.