STATE OF NEW JERSEY, PLAINTIFF-PETITIONER, v. JOHN KOWALCZYK (ALSO KNOWN AS JOHN KOWAL), DEFENDANT-RESPONDENT.

Argued November 28, 1949—Decided December 12, 1949.

*Mr. Mark Townsend,* Deputy Attorney General, argued the cause for the petitioner (*Mr. Theodore D. Parsons,* Attorney General, attorney).

*Mr. Joseph Tomaselli* argued the cause for the respondent (*Messrs. Malandra & Tomaselli,* attorneys).

The opinion of the court was delivered by

VANDERBILT, C. J.   The defendant, Kowalczyk, was convicted on November 19, 1948, in the Camden County Court after a three day trial on an indictment charging false swearing before the grand jury of the county.  He was thereupon sentenced on November 22, 1948, to six months in the county jail on each of the two counts in the indictment, the sentences to run consecutively.

On appeal to this court the judgment of conviction below was affirmed on October 24, 1949, 3 *N. J.* 51, and our mandate issued accordingly.  When the matter came before the

County Court on the surrender of the defendant the judge, over the objection of the deputy attorney general representing the State, entered an order suspending the sentence originally imposed and placed the defendant on probation for one year. The present motion contests the power of the trial court to change the sentence in the light of our mandate.

At common law the power of a trial judge to alter a sentence expired with the term of court at which the sentence had been imposed, *State v. White*, 103 *N. J. L.* 153 (*E. & A.* 1926); see also 1 *Chitty on Criminal Law* 721. This rule, however, was never a satisfactory one because the extent of the judge's power in the individual case was variable, depending upon whether the judgment was entered early or late in a term. Accordingly the Legislature, after various experiments, in 1928 (*P. L.* 1928, *c.* 231) fixed thirty days from the date of conviction as the time within which the judge might act in place of the indefinite rule of the common law, *R. S.* 2:190–15. With the abolition of three terms of court a year on the promulgation of our new Rules and the substitution therefor of an annual term commencing each September (*Rules* 1:1–1, 2:2, and 3:102–2), *Rule* 2:7–13 was adopted extending the power of the judge to resentence a defendant "within 60 days from the date of the judgment of conviction."

At common law, moreover, an affirmance on an appeal constituted another restriction on the power of the trial court to alter or amend the judgment in a criminal case. The law in this State on this point was summarized by Chancellor Oliphant in *In re Caruba*, 142 *N. J. Eq.* 358, at 363 (*Ch.* 1948), on an application for a review of a criminal contempt, *In re Caruba*, 139 *N. J. Eq.* 404 (*Ch.* 1947); affirmed, 140 *N. J. Eq.* 563 (*E. & A.* 1947):

"Exhaustive search by counsel and myself has brought to light no case wherein a court has changed or held it had the power to change or commute a sentence after that sentence had been approved by a court of last resort and set forth that approval in its mandate. The law, it seems, is well settled that after the affirmance of a conviction for crime, the trial court is powerless to change a sentence for a fixed term."

This holding is in accord with the law elsewhere: "The judgment of the appellate court cannot be modified or vacated by the lower court on the remand to it of the case, nor can the lower court alter or modify the judgment originally entered by it," 13 *Encyclopedia of Pleading & Practice* 850; *Note* (1923) 23 *A. L. R.* 536.

■ The defendant places great reliance on Rule 35 of the Federal Rules of Criminal Procedure, but that rule contains language which we have deliberately not adopted, giving the trial court the power to reduce a sentence within sixty days after the receipt of a mandate issued upon an affirmance of the judgment. It is urged that unless this provision is read into our rules the power of the trial judge to alter a sentence within sixty days from the date of the judgment of conviction is illusory in the event of taking an appeal. Obviously this is not so, because our rules allow a defendant six months in which to take his appeal unless a shorter time is provided by law, *Rule* 1:2–5(b). If, however, defendant appeals promptly within a period of sixty days from the date of the judgment of conviction, the trial judge is not wholly without means of exercising his sound discretion to reduce or change a sentence within the permitted period; he may indicate that desire by a certificate to the appellate court to have the appellate court, upon an appropriate showing made to it, remand the proceedings to the trial court for the purpose of having the sentence changed and then returned to it.

■ The Camden County Court is directed to set aside its order of November 16, 1949, suspending the sentence entered November 22, 1948, and placing the defendant on probation for one year and to cause the sentence originally entered by it on November 22, 1948, to be executed.

*For granting motion*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*Opposed*—None.