STATE OF NEBRASKA, APPELLEE, V. NORMA FERRIS, APPELLANT.
STATE OF NEBRASKA, APPELLEE, V. DANIEL FERRIS, APPELLANT.

344 N.W.2d 668

Filed February 24, 1984. Nos. 83-421, 83-422.

Barlow, Johnson, DeMars & Flodman, for appellants.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

These are appeals from the decisions of the district court for Lancaster County denying the appellants' motions for new trial on the ground of newly discovered evidence. Neb. Rev. Stat. § 29-2101 (Reissue 1979).

This is the second appearance of these cases in this court. The opinion affirming the judgments of conviction is found in *State v. Ferris*, 212 Neb. 835, 326 N.W.2d 185 (1982). The facts are contained in that opinion and will not be repeated here.

We conclude this court has no jurisdiction in this matter. Neb. Rev. Stat. § 24-541.06 (Cum. Supp. 1982) provides that, with certain exceptions not material here, the district court reviews appeals from the county court for error appearing on the record made in the county court. Consequently, a motion for new trial based on newly discovered evidence is to be presented to the county court as the fact finder, not to the district court which sat as an appellate court.

We point out that in any event the appellants' position is without merit. The newly discovered evidence is the taped statement of a sister of the victim, who is alienated from the victim due to a family dispute. The sister, at the hearings on the motions for new trial, professed not to remember the details of a taped statement given to an investigator for the appellants, the details of the trial itself, and few of the details concerning the entire incident.

The taped statement given to the investigator 13 months after the trial purports to give the details of a telephone conversation between the victim and the sister, in which the victim informed the sister of a plan to secure repayment of money from the appel-

lants by the filing of false charges of assault.

The testimony of the sister's husband denies any knowledge of the tape on which his voice appears, and denies any recollection of the contents of the tape.

During cross-examination of the sister and her husband, the details of a police investigation were revealed in which the sister and her husband falsely accused the victim of theft of rings and blackmail. The motive for the false charges is not clear from the record, but appears to relate to an alleged debt due the sister from the victim and suspicion of improper sexual liaisons between the victim and the sister's husband.

The trial court observed tnat testimony of the sister and her husband was simply not to be believed.

While there is substantial doubt that the newly discovered evidence, i.e., the alleged fabrication of the assault, could not have been discovered by expedient interviewing or deposing the sister, and thus was not sufficient to justify the granting of a new trial, § 29-2101(5), the salient fact exists that in view of the demonstrated hostility, the professed loss of memories, the false charges filed against the victim, and the contradictory stories of the sister and her husband (some versions of which must necessarily be lies), it is obvious that a new trial cannot be said to probably result in a different outcome. *State v. Hortman*, 207 Neb. 393, 299 N.W.2d 187 (1980).

The decisions of the district court in denying the motions for new trial were correct and are affirmed.

AFFIRMED.