STATE EX REL. HILT TRUCK LINE, INC., APPELLANT, V. HOLLY JENSEN, DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES FOR THE STATE OF NEBRASKA, APPELLEE.

357 N.W.2d 455

Filed November 2, 1984.   No. 84-301.

Michael O. Johanns of Peterson, Bowman & Johanns, for appellant.

Paul L. Douglas, Attorney General, and Ruth Anne E. Galter, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

Hilt Truck Line, Inc., appeals the judgment of the district court for Lancaster County denying Hilt an attorney fee pursuant to Neb. Rev. Stat. § 25-2165 (Cum. Supp. 1984). We affirm.

Originally, in 1982, Hilt sought a writ of mandamus requiring that the director of the Department of Motor Vehicles of the State of Nebraska grant Hilt a proportional registration license. The district court denied the writ and dismissed Hilt's petition. Hilt appealed to this court and, in substance, assigned but one error, namely, the district court's denial of the writ of mandamus. Hilt requested that the judgment of the district court

> should be reversed and remanded with directions to the District Court of Lancaster County, Nebraska to issue a writ of mandamus directing the Director of the Department of Motor Vehicles for the State of Nebraska to accept the Relator's application for licensing, process the same, and issue licensing according to Nebraska law.

Brief for Appellant at 39-40. In *State ex rel. Hilt Truck Line v. Peterson*, 215 Neb. 81, 88, 337 N.W.2d 133, 137 (1983) (*Hilt I*), we held: "Hence, Hilt should be granted a writ of mandamus to compel the director to grant Hilt a proportional registration license. REVERSED AND REMANDED WITH DIRECTIONS." Hilt did not request any rehearing. By mandate of this court on August 26, 1983, costs of the appeal (*Hilt I*) were taxed to the director. (Costs thus taxed did not include an attorney fee.) The district court issued a peremptory writ of mandamus on September 22 in accordance with the mandate of this court.

On December 29 Hilt filed an application seeking damages, legal fees, and expenses alleged to have been the "proximate result of the actions of the Department of Motor Vehicles . . . ." The director filed a special appearance alleging lack of

jurisdiction of the district court regarding Hilt's application. The district court sustained the director's special appearance.

Hilt bases its claim for damages and attorney fee on § 25-2165 regarding a mandamus:

> If judgment be given for the plaintiff, he or she shall recover the damages which he or she shall have sustained, to be ascertained by the court or a jury, or by referees, in a civil action, and a peremptory mandamus shall also be granted to him or her without delay. In addition to damages the court may also award costs and reasonable attorney's fees. The costs and attorney's fees shall be paid by the governmental body represented by the public official or employee.

In *Hilt I*, Hilt never claimed or requested that the proceedings should be remanded to the district court for determination of any monetary amount, either damages or costs pertaining to proceedings before the trial court. Consequently, Hilt's appeal in this case is nothing more than an attempt to relitigate issues contained in the initial proceedings and appeal (*Hilt I*), including issues not assigned as errors for appellate review of the district court's action in denying the writ of mandamus. Consideration of a cause on appeal is limited to errors assigned and discussed. See Neb. Ct. R. 9D(1)d (rev. 1983). See, also, *McClellen v. Dobberstein*, 189 Neb. 669, 204 N.W.2d 559 (1973); *Lincoln Co. Sheriff's Emp. Assn. v. Co. of Lincoln*, 216 Neb. 274, 343 N.W.2d 735 (1984).

Where the Supreme Court reverses and remands a cause to the district court for a special purpose, on remand the district court has no power or jurisdiction to do anything except to proceed in accordance with the mandate as interpreted in the light of the Supreme Court's opinion. *Glenn v. Chambers*, 244 Iowa 750, 56 N.W.2d 892 (1953); *Kuhlmann v. Persinger*, 261 Iowa 461, 154 N.W.2d 860 (1967).

A trial court is without power to affect rights and duties outside the scope of the remand from an appellate court. No judgment other than that directed or permitted by the Supreme Court's mandate may be rendered in the district court upon remand of a cause. See *Wendland v. Ridgefield Const. Services, Inc.*, 190 Conn. 791, 462 A.2d 1043 (1983).

The district court executed the judgment and mandate of the Supreme Court by issuing the writ of mandamus. Issuance of the writ was the specific and only direction from this court and, for that matter, was the only relief sought by Hilt in its first appeal (*Hilt I*). Damages and costs are matters outside the mandate of this court and are, therefore, beyond the jurisdiction of the district court upon remand. The district court was correct in sustaining the director's special appearance.

AFFIRMED.

BOSLAUGH, J., concurs in the result.