STATE OF NEBRASKA, APPELLEE, V. DESMOND D. DANIELS, APPELLANT.

397 N.W.2d 631

Filed December 19, 1986.   No. 86-376.

Gary G. Washburn, for appellant.

Robert M. Spire, Attorney General, and Linda L. Willard, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

The defendant appeals from an order of the district court for Loup County revoking his probation and sentencing him to 6

months in jail and a $500 fine, and revoking his driver's license for life on count I, driving while intoxicated, third offense, to run concurrently with a 6-month sentence for count II, resisting arrest. His first assignment of error is that the county court, and not the district court, was the "sentencing court" and that the district court was without jurisdiction to revoke probation. Second, he asserts that the district court erred in sentencing him with respect to count II, since he had already completed his sentence on that count. His third assignment seeks to limit the effect of the lifetime revocation of driving privileges to the territorial boundaries of the State of Nebraska. We reverse, as the district court was without jurisdiction to consider the motion to revoke probation.

On September 7, 1983, the appellant was convicted in the county court of driving while intoxicated, third offense, and resisting arrest. He was sentenced to a term of 18 months' probation on condition that he serve 7 days in jail, pay a $500 fine, and have his license suspended for 1 year. The court further sentenced defendant to 23 days in jail for resisting arrest, with credit for 1 day served.

The defendant appealed to the district court, which affirmed the judgment on October 30, 1984, and then appealed to this court. We affirmed the district court in *State v. Daniels*, 220 Neb. 480, 370 N.W.2d 179 (1985). On August 7, 1985, a mandate from this court was filed in the district court for Loup County, directing the district court to enter judgment in conformity with our decision. On November 20, 1985, the district court held a hearing to implement the mandate, and as a result the appellant was put on probation and ordered to serve his jail sentence starting December 20, 1985. The State concedes that appellant served his time for count II, resisting arrest.

On January 31, 1986, a motion to revoke probation was filed in the district court. The appellant subsequently filed an objection, asserting lack of jurisdiction, which the district court overruled. On April 16, 1986, the district court revoked the appellant's probation and on April 24, 1986, resentenced him as previously described. This appeal ensued.

Neb. Rev. Stat. § 29-2267 (Reissue 1985) provides in part that "[w]henever a motion or information to revoke probation

is filed, the probationer shall be entitled to a prompt consideration of such charge by the *sentencing court*." (Emphasis supplied.) The appellant argues that the county court tried and sentenced him and that the district court affirmed the county court in its capacity as an intermediate appellate court. Therefore, he argues, the district court could not be considered to be the sentencing court and lacked jurisdiction to hear the motion to revoke probation.

It appears that the issue of which forum is to be considered the "sentencing court" in cases such as this one has not previously been addressed by this court. Neb. Rev. Stat. § 29-109 (Reissue 1985) directs us to construe all words, terms, or phrases "in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed." The State argues that since the affirmance by the district court is considered to vacate the judgment of the county court, see Neb. Rev. Stat. § 24-541.06(3) (Reissue 1985), the district court became the "sentencing court" and properly heard the motion to revoke probation. This construction of the phrase is strained at best and disregards the principle that words in a statute are to be given their plain and ordinary meaning. *State v. Stratton*, 220 Neb. 854, 374 N.W.2d 31 (1985).

Looking at the role of the district court in appeals from county court, it is clear that the district court is considered to be an intermediate court of appeals and not a trial court. *State v. Schroder*, 218 Neb. 860, 359 N.W.2d 799 (1984); *State v. Ledingham*, 217 Neb. 135, 347 N.W.2d 865 (1984). District court review is limited to an examination of the record for error and abuse of discretion. *State v. Smith*, 199 Neb. 368, 259 N.W.2d 16 (1977). Issues cannot be addressed by the district court unless first handled by the county court. *State v. Ledingham, supra; State v. Ferris*, 216 Neb. 606, 344 N.W.2d 668 (1984). Under Neb. Rev. Stat. § 29-613 (Reissue 1985), a district court may affirm, modify, or vacate the judgment of the county court. Although the district court is empowered to review a sentence for error or abuse of discretion, *State v. Schott*, 222 Neb. 456, 384 N.W.2d 620 (1986), there is no statutory authority giving it jurisdiction to sentence the

defendant anew. Further, it is clear that the sentencing process consists of more than an entry of judgment vacating a lower tribunal's judgment; the sentencing court must comply with Neb. Rev. Stat. §§ 29-2201 et seq. (Reissue 1985). Thus, the county court is the factfinding and sentencing forum; the district court's function is to review the record for error.

Giving the words their plain meaning and taking into consideration the context in which they are employed, the phrase "sentencing court" refers to the county court and not to the district court in its appellate capacity. See *People v. Collins*, 25 Mich. App. 609, 181 N.W.2d 601 (1970), which reached a similar interpretation. The district court lacked jurisdiction to hear the motion to revoke probation. Its judgment is reversed and the cause remanded with directions to dismiss the motion.

Having found the first assignment of error as to jurisdiction meritorious, there is no need to address the other issues raised.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.