JON DUANE BLACK, APPELLEE AND CROSS-APPELLANT, V. SIOUX
CITY FOUNDRY CO., AN IOWA CORPORATION, APPELLANT AND
CROSS-APPELLEE.

401 N.W.2d 679

Filed March 6, 1987.    No. 86-086.

Wayne E. Boyd of Smith & Boyd, for appellant.

William Horneber of Horneber Law Offices, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE,
SHANAHAN, and GRANT, JJ.

PER CURIAM.

The plaintiff, Jon Duane Black, filed a petition in the
Nebraska Workers' Compensation Court. In his petition, Black
alleged that he had sustained a compensable injury while in the
employment of Sioux City Foundry Co. on August 17, 1983,
and prayed for an award of compensation under the provisions
of the Nebraska Workers' Compensation Act. After a
one-judge hearing, a three-judge panel of the compensation
court found in favor of Black and entered an "Award on
Rehearing" on March 25, 1985. The award ordered Sioux City
Foundry Co. to pay for and on behalf of Black certain
medicals, which included a bill from Marian Health Center in
the amount of $106,950.36 and the bill of the Veterans'
Administration for $5,768. Neither party appealed from the

March 25 award of the compensation court.

Sioux City Foundry Co. contacted Marian Health Center about Black's bill and was informed that Central States Health & Life Co. of Omaha had paid $66,420 on Black's account at the Center. The payment by Central States was made under its disability insurance contract issued to Black. After credit for the payment by Central States, the balance of Black's account at Marian Health Center was approximately $40,000. Sioux City Foundry Co. and Marian Health Center negotiated a compromise of the balance due on Black's bill, and, on April 24, the Center accepted payment of $25,000 from Sioux City Foundry Co. in full satisfaction of Black's account. Sioux City Foundry Co. believed that Central States had a right of subrogation or was entitled to reimbursement due to the insurance company's payment to Marian Health Center. Also, by its check Sioux City Foundry Co. paid the Veterans' Administration $5,768, as directed in the award of the compensation court. However, Black and the Veterans' Administration had negotiated a settlement, so that Black was obligated to pay only $3,850 on his account. The Veterans' Administration endorsed the check for $5,768 from Sioux City Foundry Co. and delivered the check to Black.

By virtue of Neb. Rev. Stat. § 48-188 (Reissue 1984), Black had the March 25 award of the compensation court filed in the district court for Dakota County on June 3, 1985, and then filed a praecipe for execution against Sioux City Foundry Co. to satisfy $96,498 unpaid on the award. Sioux City Foundry, on June 19, issued its check to Black and Central States for $66,420, and also issued checks for the remaining hospital and medical bills, totaling $14,550. Thereafter, Sioux City Foundry Co. learned Central States did not have any subrogation interest or right to reimbursement concerning the insurance company's payment to Marian Health Center. Sioux City Foundry Co. then stopped payment on the $66,420 check to Black and Marian Health Center. Black filed a "partial satisfaction" on July 26, 1985, in the district court, indicating a balance of $81,950 to be satisfied by the execution against Sioux City Foundry Co. The sum of $81,950 included the $66,420 on Black's account at Marian Health Center, as represented by the

check which Sioux City Foundry Co. had stopped, and the $15,530 negotiated by the Center and Sioux City Foundry Co. as the reduction in Black's account.

Sioux City Foundry Co. filed an application in the Workers' Compensation Court on August 1, 1985, and alleged that it had paid all of the compensation due Black under the March 25 award and, further, requested that the compensation court determine the rights of the parties regarding the $66,420 payment to Marian Health Center. Sioux City Foundry asked the compensation court to decide whether Sioux City Foundry Co. must pay the $66,420 directly to Black as "compensation," whether Sioux City Foundry Co. was entitled to the benefit of its negotiated $15,530 reduction in Black's account with Marian Health Center, and whether Black was entitled to any part of the $5,768 payment from the Veterans' Administration, in view of the reduction of the amount accepted by the Veterans' Administration in settlement of Black's account. Black filed a "Resistance" to Sioux City Foundry's application and claimed that Sioux City Foundry Co. had not paid "compensation" of $81,950. Black also claimed he was entitled to the benefit of the reduced amount of Black's account negotiated with the Veterans' Administration. The application was heard by the same three-judge panel that had entered the award on March 25, 1985. The compensation court then entered an order on January 6, 1986, by two of the three-judge panel, one judge dissenting, finding that Sioux City Foundry Co. must pay $66,420 to Black, and also finding that Sioux City Foundry Co. was entitled to the benefit of the $15,530 reduction in the amount due on Black's account at Marian Health Center and that Black was entitled to his negotiated reduction or credit on his account with the Veterans' Administration. The compensation court found that "compensation," as used in Neb. Rev. Stat. § 48-130 (Reissue 1984), refers not only to weekly payments of indemnity but also refers to medical and hospital expenses. The compensation court denied Black an attorney fee for his lawyer.

Both parties have appealed. Sioux City Foundry Co. assigns as error the compensation court's finding that "compensation" refers not only to weekly payments of indemnity but also to

medical and hospital expenses. Sioux City Foundry Co. further claims that the compensation court erred in requiring payment of $66,420 to Black and permitting Black to retain the benefit of his compromise settlement with the Veterans' Administration. In its brief at 35, Sioux City Foundry Co. states:

Clarification of the award was thus required, and such clarification should not be confused with a reopening of the case to seek modification or additional relief. The Compensation Court's order in response to the application for clarification, from which this appeal is taken, is therefore an appealable post-judgment order, separate from the Award on Rehearing itself.

Black's position is that the order entered by the compensation court on January 6, 1986, is not authorized by law. In the errors assigned by Black in his cross-appeal, Black states that the compensation court erred in the denial of an attorney fee and in the rate of interest to be applied to the amounts which the compensation court ordered to be paid.

Neb. Rev. Stat. § 48-185 (Reissue 1984) in part states:

The proceedings to obtain a reversal, vacation, or modification of judgments, awards, or final orders made by the Nebraska Workmen's Compensation Court after a rehearing shall be by filing in the office of the clerk of the Nebraska Workmen's Compensation Court within one month after the rendition of such judgment or decree, or the making of such final order, a notice of intention to prosecute such appeal signed by the appellant or his attorney of record.

No appeal was taken from the award entered in the compensation court on March 25, 1985. Thus, the award on rehearing became a final judgment in the absence of an appeal to this court.

Sioux City Foundry's appeal is disposed of by our decision in *Neujahr v. Neujahr*, 223 Neb. 722, 393 N.W.2d 47 (1986), which arose out of proceedings to dissolve a marriage. On March 11, 1983, a decree of dissolution was entered, and provided for a division of personal property. Neither party appealed from the decree. When the parties were not able to

resolve their separate claims to many items not specifically included in the decree, the wife filed a motion in which she set out the disputed portion of the decree concerning property distribution and requested that the court interpret its decree of March 11, 1983, even though the decree was, at the time of the wife's request, already final. After a hearing, the court, on April 26, 1985, ordered that various items of property were assigned specifically to either the wife or the husband. In reversing the order assigning specific items of property, we stated in *Neujahr v. Neujahr, supra* at 725-26, 728, 393 N.W.2d at 49-51:

> We regret that we must once again reverse and dismiss the proceedings. We do so because there simply is no procedure authorizing what was done in the current action.
>
> . . . "Litigation must be put to an end, and it is the function of a final judgment to do just that. A judgment is the final consideration and determination of a court on matters submitted to it in an action or proceeding." [Citing and quoting from *Crofts v. Crofts*, 21 Utah 2d 332, 445 P.2d 701 (1968).]
>
> . . . .
>
> . . . By whatever name, however, the procedure is one to modify a decree because the decree fails to address the issue [citation omitted].
>
> . . . .
>
> There are, obviously, instances when a decree is ambiguous and parties are left at their peril to know what they are authorized to do. When that situation arises, the parties must bring some form of action which raises the issue and thereby requires the court before whom the matter is then pending to resolve the issue as a matter of law in light of the evidence and the meaning of the decree as it appears.
>
> What the district court did in the instant case was simply to enter a modified supplemental decree, without authority, after the decree had already become final. For that reason the order of the district court entered on April 26, 1985, must be set aside and the cause remanded with

directions to dismiss.

As was the case in *Neujahr v. Neujahr, supra*, there is simply no procedure authorizing what was done in the current action. Neb. Rev. Stat. § 48-180 (Reissue 1984) provides: "The Nebraska Workmen's Compensation Court may, on its own motion, modify or change its findings, order, award or judgment at any time before appeal and within ten days from the date of such findings, order, award or judgment for the purpose of correcting any ambiguity or clerical error." We find no procedure under the Nebraska Workers' Compensation Act which authorizes the compensation court to clarify an award on rehearing when more than 10 days have elapsed from the date on which the findings were made in the rehearing. The application of Sioux City Foundry Co. was clearly filed more than 10 days after the findings for the award on rehearing entered on March 25, 1985. In the absence of specific statutory authority to correct an ambiguity by a procedure other than as described in § 48-180, the compensation court does not have authority to enter an order revising one of its awards. The fact that the parties, without objection, participated in the hearing which led up to the order on January 6, 1986, does not alter the result. As we held in *Riedy v. Riedy*, 222 Neb. 310, 312, 383 N.W.2d 742, 744 (1986): "It is axiomatic, however, that the parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent."

The order of January 6, 1986, entered by the compensation court was not within its jurisdiction and, thus, must be set aside. For this reason, we reverse the judgment of the compensation court and remand this matter to the compensation court with direction to dismiss the application of Sioux City Foundry Co.

REVERSED AND REMANDED WITH
DIRECTION TO DISMISS.

BOSLAUGH and SHANAHAN, JJ., concur in the result.