STATE OF NEBRASKA, APPELLEE, V. THOMAS B. THOMPSON, ALSO
KNOWN AS EARL ALAN THOMPSON, APPELLANT.

402 N.W.2d 271

Filed March 13, 1987.    No. 86-677.

Alan G. Stoler, for appellant.

Herbert M. Fitle, Omaha City Attorney, and Gary P.
Bucchino, Omaha City Prosecutor, Richard M. Jones, and
David F. Smalheiser, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE,
SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Following a county court bench trial, defendant, Thomas B.
Thompson, also known as Earl Alan Thompson, was adjudged
guilty of giving false information in violation of an ordinance
of the city of Omaha and of driving while under the influence of
alcohol, third offense, in violation of Neb. Rev. Stat.
§ 39-669.07 (Reissue 1984). On appeal the district court
affirmed each conviction, but reduced the drunk driving
sentence. While defendant has appealed both convictions to
this court, his assignments of error relate solely to the drunk
driving conviction and are that the district court (1) erred in
failing to find error appearing on the record, in that the county
court erred in admitting in evidence at the enhancement phase

of the trial a record concerning a prior drunk driving conviction, and (2) abused its discretion by imposing an excessive sentence. We affirm.

When the defendant was arrested for drunk driving on December 5, 1985, he told the police officers that his name was "Thomas B. Thompson," born August 17, 1951, and produced a driver's license under that name. On December 20, 1985, defendant was arraigned for drunk driving, first offense, as "Thomas B. Thompson." He entered a plea of no contest, and the matter was referred to the probation office for a presentence report.

That office discovered that "Thomas B. Thompson" was an alias used by Earl Alan Thompson, who had twice before been placed on probation for driving while drunk. A fingerprint analysis of "Thomas B. Thompson" and Earl Alan Thompson confirmed that these separate identities belonged to one and the same person. Moreover, defendant conceded in open court that Earl is his real given name.

The county court then allowed the State to amend its complaint to show that Earl Alan Thompson and the person originally charged were the same and, as such, to allege two prior drunk driving convictions. That changed the charge from driving while intoxicated, first offense, to driving while intoxicated, third offense. The trial court permitted defendant to withdraw the plea he had entered as Thomas B. Thompson so that he could be arraigned on the amended complaint as Earl Alan Thompson. Defendant then pled no contest to the new charge.

At the enhancement phase of the proceeding, the State introduced certified copies of two prior driving while intoxicated convictions. The first was dated September 12, 1983, and showed that defendant was represented by counsel. The second was dated February 8, 1985, and showed it was for driving while intoxicated, second offense, and that defendant was advised of his right to counsel and waived that right. Both of the certified copies of convictions were received into evidence. The county court then, on January 29, 1986, found defendant guilty of driving while intoxicated, third offense, and imposed a sentence which revoked defendant's driver's license

for life and required him to spend 180 days in jail and pay a $500 fine.

In connection with the first assignment of error, defendant argues the county court erred in receiving in evidence the record of the conviction for second offense drunk driving, for the reason that although the record recited that he had been advised of his right to counsel and had waived that right, such waiver could not be valid because the record does not show that counsel was present, that defendant was advised that the charges and penalties of the conviction were enhanced to second offense, that he had a right to an enhancement hearing to determine the validity of an earlier offense, and that said earlier offense could be used for enhancement purposes.

The claim that the questioned record is somehow deficient because it does not show counsel was present is frivolous; counsel obviously need not be present if the right to counsel has been validly waived. The certified record in question consists of a checklist signed by the trial judge, which reflects that defendant was advised of his right to counsel and waived that right. The checklist imports verity and supports the conclusion that defendant knowingly and voluntarily waived counsel and, thus, satisfies the State's burden in proving the conviction in question as a valid one for enhancement purposes under the provisions of § 39-669.07(3). See, *State v. Foster, ante* p. 267, 398 N.W.2d 101 (1986); *State v. Ziemba*, 216 Neb. 612, 346 N.W.2d 208 (1984). There is therefore no merit to defendant's first assignment of error.

The district court, on July 22, 1986, reduced the jail time imposed by the county court to 120 days and the period of license revocation to 15 years. The jail time imposed by the district court is within the limits set by Neb. Rev. Stat. §§ 28-106 and 39-669.07(3) (Cum. Supp. 1986), as was the greater jail time imposed by the county court. Yet the defendant has the effrontery to argue that the sentence as reduced by the district court is excessive. Such a claim from one who has not only demonstrated he has not learned from his past experiences but who lied about his identity in order that he might escape the consequences of his past acts can only be described as preposterous!

The State correctly argues that in an appeal of a criminal case to the district court, the latter acts as an intermediate court of appeal, and, as such, its review is limited to an examination of the county court record for error or an abuse of discretion. *State v. Painter, ante* p. 905, 402 N.W.2d 677 (1987); *State v. Daniels, ante* p. 264, 397 N.W.2d 631 (1986); *State v. Lynch,* 223 Neb. 849, 394 N.W.2d 651 (1986); Neb. Rev. Stat. § 24-541.06 (Reissue 1985). There was no sentencing error or abuse of discretion shown by the county court record; the district court therefore erred in reducing the jail time imposed by the county court. Since the district court was acting as a reviewing rather than as a sentencing court, the State had the right to cross-appeal from that erroneous ruling. However, it elected not to do so, and we therefore do not disturb the district court's reduction of the jail time imposed by the county court. (Neb. Ct. R. of Prac. 9D(2)c (rev. 1986).)

As to the remaining aspect of the reduced sentence, Neb. Rev. Stat. § 39-669.38 (Cum. Supp. 1986) provides that one who, prior to April 19, 1986, had his or her driver's license revoked for life may "submit an application to the court for a reduction . . . [which court] in its discretion may reduce such revocation to a period of fifteen years." We recognize that in *State v. Jameson, ante* p. 38, 395 N.W.2d 744 (1986), a case involving a direct appeal of a county court judgment to the district court and thence to this court, we concluded that defendant's request for reduction of the period of his license revocation should be first referred to the county court as the sentencing court. Upon further reflection, however, we conclude that *State v. Roggenbach*, 223 Neb. 866, 394 N.W.2d 664 (1986), wherein this court, under the same circumstances as presented in *Jameson*, reduced the period of revocation, correctly applies the doctrine announced in *State v. Randolph*, 186 Neb. 297, 183 N.W.2d 225 (1971), *cert. denied* 403 U.S. 909, 91 S. Ct. 2217, 29 L. Ed. 2d 686; that is, in the absence of a specific contrary legislative mandate, where a criminal statute, after the commission of a prohibited act but before final judgment, is amended by mitigating the punishment, the punishment is that provided by the amendatory act. See *State v. Peiffer*, 212 Neb. 864, 326 N.W.2d 844 (1982). Thus, the district

court correctly reduced the period of defendant's license revocation. *State v. Painter, supra.*

The record not sustaining defendant's assignments of error, the judgments of the district court are affirmed.

AFFIRMED.

WHITE, J., concurring.

This case stands only for the proposition that a checklist signed by a judge, which recites that a defendant was advised of his right to counsel and waived the same, is evidence of the fact.

The opinion does not decide either the type of evidence that may be introduced to establish that counsel was afforded or that there was a knowing waiver of counsel, nor does it decide whether evidence extraneous to the record may be introduced by a defendant to contradict that record. Those questions remain to be decided by this court.

SHANAHAN, J., joins in this concurrence.