STATE OF NEBRASKA, APPELLEE, V. CHERYL A. SOCK, APPELLANT.
419 N.W.2d 525

Filed February 19, 1988.   No. 87-323.

James R. Mowbray of Mowbray, Chapin & Walker, P.C., for appellant.

Norman Langemach, Jr., Lincoln City Prosecutor, for appellee.

BOSLAUGH, CAPORALE, and GRANT, JJ., and MULLEN, D.J., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

Defendant was convicted in the county court for Lancaster County of driving while intoxicated (DWI); she was sentenced to a 6-month term of probation. Upon appeal to the district court, her conviction was affirmed, and her term of probation was extended from 6 months to 1 year. Defendant appeals, assigning two errors: (1) The district court should have found that the county court erred in denying defendant's motion to suppress; and (2) the district court erred in extending her term of probation. We affirm as modified.

Since defendant does not challenge the sufficiency of the evidence proving the State's case, the facts are briefly stated.

About 12:10 a.m. on September 25, 1986, defendant, Cheryl A. Sock, was stopped by Lincoln Police Officer Patrick L. McGuire in downtown Lincoln, when defendant drove a vehicle through a red traffic light signal. Officer McGuire detected evidence of defendant's intoxication, placed her under arrest for DWI, and transported her to the county-city building, where an Intoxilyzer Model 4011AS test was performed which registered .184 percent by weight to volume of alcohol in defendant's body fluids.

At a pretrial motion to suppress hearing on January 7, 1987, there was a close evidentiary question as to probable cause; however, the motion was denied. Prior to the trial that immediately followed, Sock's counsel informed the court, "If we go beyond the motion to suppress, we're gonna be stipulating to the test and only then take evidence as to opinion evidence from the State's witness as well as our witnesses."

At the trial, Officer McGuire testified without objection to most of the facts covered in the suppression hearing, and, in addition, that there was a strong smell of alcohol about

defendant, her eyes were bloodshot and watery, her voice was slurred, she was unsteady on her feet, and, in his opinion, defendant was under the influence of alcoholic beverage at the time of her arrest. Counsel also stipulated

> that if Officer McGuire were asked to testify to these matters that he would in fact testify that he has been properly trained and qualified and has a permit to obtain a sample of breath on an Intoxilyzer 4011AS and that he, in fact, used that machine on September 25, 1986, tested the breath of the defendant. And that the test result properly conducted under the rules of the State of Nebraska the test result was .184 percent by weight to volume of alcohol in the defendant's body fluids.

The first assignment presents the narrow issue wherein defendant relies on *State v. Van Ackeren*, 200 Neb. 812, 265 N.W.2d 675 (1978), holding that the denial of a motion to suppress (search and seizure issue) may be preserved on appeal without either renewing the motion or objecting to the evidence at the trial. That rule was changed in *State v. Roggenkamp*, 224 Neb. 914, 402 N.W.2d 682 (1987), which was released after the trial in the case at bar, holding:

> In a criminal trial, after a pretrial hearing and order overruling a defendant's motion to suppress evidence, the defendant must object at trial to admission of the evidence which was the subject of the motion to suppress in order to preserve a question concerning admissibility of that evidence for review on appeal.

(Syllabus of the court.) See, also, *State v. Pointer*, 224 Neb. 892, 402 N.W.2d 268 (1987) (motion to suppress statement).

Defendant's failure to object at trial to the reception of the evidence offered at the pretrial suppression hearing was a waiver and a failure to preserve the county court's denial of her motion as an issue upon appeal.

There is merit to defendant's second assignment. A judgment imposing reasonable terms of probation is a sentence. Neb. Rev. Stat. § 29-2262 (Reissue 1985). Those terms of probation may thereafter be terminated, modified, or extended under lawful limits by the trial court. Neb. Rev. Stat. § 29-2263 (Reissue 1985). Upon appeal, "the district court shall review the

case for error appearing on the record made in the county court [and] may affirm, affirm but modify, or reverse the judgment or final order of the county court . . . ." Neb. Rev. Stat. § 24-541.06 (Reissue 1985).

In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeal, and, as such, its review is limited to an examination of the county court record for error or abuse of discretion. *State v. Thompson*, 224 Neb. 922, 402 N.W.2d 271 (1987).

"A district court may modify a sentence imposed by a county court only where the county court has so abused its discretion as to render its sentence an error upon the record presented." *State v. Schott*, 222 Neb. 456, 464, 384 N.W.2d 620, 626 (1986).

The record here fails to show either error or abuse of discretion by the county court. It was error for the district court to modify the probation order by extending the probation term from 6 months to 1 year, and that part of the district court's judgment is set aside. The original 6-month term of probation as ordered by the county court is reinstated.

AFFIRMED AS MODIFIED.