STATE OF NEBRASKA, APPELLEE, V. GLADYS HORR, APPELLANT.

441 N.W.2d 139

Filed June 2, 1989.    No. 88-250.

Maurice S. Redmond for appellant.

Robert M. Spire, Attorney General, and Lisa D. Martin-Price for appellee.

BOSLAUGH, CAPORALE, SHANAHAN, and GRANT, JJ., and CARLSON, D.J.

PER CURIAM.

The defendant, Gladys Horr, appeals and, in summary, assigns as error the district court's vacation of the county court's reduction of the sentence the county court had imposed earlier. We reverse and remand with direction.

Horr pled guilty in the county court to attempted violation of custody, contrary to the provisions of Neb. Rev. Stat. §§ 28-201 and 28-316 (Reissue 1985). She was later, on January 21, 1987, sentenced to serve 6 months in the county jail. She appealed to the district court, which found the sentence not to be excessive. Horr next appealed that district court judgment to this court. We affirmed pursuant to Neb. Ct. R. of Prac. 7A(1) (rev. 1988). *State v. Horr*, 227 Neb. xix (case No. 87-564, Dec. 9, 1987). In due course, on December 17, 1987, this court issued a mandate directing the district court to enter judgment in conformity with this court's judgment and opinion.

The district court's journal entry recites that the matter came on for hearing on December 21, 1987, at which time Horr moved for reduction of sentence. The district court denied the motion and ordered that since the previously entered district court judgment was in accordance with this court's mandate, Horr be remanded to the sheriff "to commence her sentence" and that her motion for a reduced or suspended sentence be denied. Although the record does not tell us when such was done, it does tell us that the county court received a certified copy of this court's mandate, as well as received a certified copy of the district court's journal entry on December 30. The record does not tell us who presented those documents to the county court.

On December 31, 1987, Horr filed a motion in the county court, seeking a reduction of her sentence pursuant to Neb. Rev. Stat. § 29-2308.01 (Cum. Supp. 1988), which provides in part: "Any court which imposes a sentence for a criminal offense may reduce such sentence within one hundred twenty days after (1) the sentence is imposed or probation is revoked or (2) receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal." Following a hearing, the county court, on February 22, 1988, reduced the 6-month sentence of incarceration it had previously imposed to a period

of 4 months. Raising no question as to whether the foregoing statute presents any constitutional problem, see *State v. Hunter*, 447 A.2d 797 (Me. 1982), the State then appealed to the district court, which vacated the sentence reduction ordered by the county court. The district court reasoned that as it had previously denied a like motion, the county court lacked jurisdiction to reduce the sentence.

Horr contends the district court lacked jurisdiction to consider the motion she mistakenly presented to it on December 21, 1987; that, instead, the county court, as the sentencing court, was the only court empowered to consider such a motion. The first question presented to this court, then, is one of law; namely, which court, if either, had subject matter jurisdiction to consider Horr's motion to reduce the sentence the county court imposed on January 21, 1987.

This court had long held that a sentence validly imposed by a sentencing court takes effect from the time the sentence is imposed, so that any subsequent different sentence is a nullity. *State v. Thomas*, 229 Neb. 635, 428 N.W.2d 221 (1988); *State v. Holmes*, 221 Neb. 629, 379 N.W.2d 765 (1986). Section 29-2308.01 obviously modifies that rule; we have held the statute "grants to those sentenced pursuant to a criminal conviction the right to petition the sentencing court for reconsideration of the sentence." *State v. Spotted Elk*, 227 Neb. 869, 875, 420 N.W.2d 707, 712 (1988). While the sentencing court has no jurisdiction over a cause pending in an appellate court, *State v. Spotted Elk, supra*, § 29-2308.01 permits a sentencing court to reconsider its sentence within 120 days of the date it receives the mandate of the appellate court, even if that mandate affirms the sentence as imposed.

We have held that upon appeal from county court in a criminal case, the district court acts as an intermediate appellate court, rather than as a trial court. *State v. Sock*, 227 Neb. 646, 419 N.W.2d 525 (1988); *State v. Painter*, 224 Neb. 905, 402 N.W.2d 677 (1987); *State v. Daniels*, 224 Neb. 264, 397 N.W.2d 631 (1986); *State v. Thompson*, 224 Neb. 922, 402 N.W.2d 271 (1987). Under such a circumstance, the district court's review is limited to an examination of the county court record for error or abuse of discretion. *State v. Sock, supra*. Further, we have

held that the district court may, on appeal, modify a sentence imposed by the county court only where the county court has abused its discretion so as to render its sentence an error upon the record presented. *State v. Sock, supra*; *State v. Thompson, supra*. Finally, in *State v. Ferris*, 216 Neb. 606, 344 N.W.2d 668 (1984), we held that in cases tried before the county court, a motion for new trial based on newly discovered evidence is to be presented to the county court as the fact finder, not to the district court which sat as an appellate court.

Because the county court, as the sentencing court, is the proper court to reconsider Horr's sentence, the district court erred in entertaining Horr's motion asking it to reduce her sentence, and further erred in determining in the second appeal that the county court lacked jurisdiction to consider the motion for sentence reduction Horr presented to the county court. It is, of course, no answer that Horr had asked the district court to reduce her sentence, as parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent. *Black v. Sioux City Foundry Co.*, 224 Neb. 824, 401 N.W.2d 679 (1987). See, also, *Wick v. United States*, 290 F. 191 (8th Cir. 1923).

Upon receipt of this court's mandate of December 17, 1987, the district court's only power or jurisdiction was to enter judgment in accordance with that mandate and issue its own mandate to the county court directing that court to enter judgment in conformity with the district court judgment. See, *Xerox Corp. v. Karnes*, 221 Neb. 691, 380 N.W.2d 277 (1986); *State ex rel. Hilt Truck Line v. Jensen*, 218 Neb. 591, 357 N.W.2d 455 (1984). In the absence of any other directive, the filing in the county court of a certified copy of this court's mandate and of the district court's journal entry, no matter by whom, was the functional equivalent of filing in the county court the district court mandate and, thus, reinvested the county court with jurisdiction of the case. See *Rehn v. Bingaman*, 152 Neb. 171, 40 N.W.2d 673 (1950), which declares that the Supreme Court's mandate reinvests the district court with jurisdiction.

In this instance, the rather remarkable failure of the record to show when the certified copy of this court's mandate was filed

with the county court is immaterial, for the record reveals that the county court reduced Horr's sentence within 67 days of this court's mandate, necessarily meaning that the county court acted within 120 days of the time it reacquired jurisdiction by receiving the documents constituting the functional equivalent of the district court's mandate, and thus acted within the time limited by § 29-2308.01.

In view of the foregoing resolution, the inquiry becomes whether the county court's reduction of the sentence it originally imposed is, as the State claims, erroneous.

The evidence adduced in connection with Horr's county court motion convinced the county court that Horr recognized she had been wrong in violating the law, that she was contrite, remorseful, and apologetic, and that her family was having difficulty coping without her. Just as the sentence to be imposed upon initial consideration is within the sentencing judge's discretion, *State v. Jones*, 230 Neb. 528, 432 N.W.2d 523 (1988), so, too, is the question of whether the sentence imposed is to be reduced under the provisions of § 29-2308.01 within the discretion of the sentencing court, and absent an abuse of discretion, its rulings with respect thereto will not be disturbed on appeal. The record contains nothing which enables this court to say the reduction in this case constituted an abuse of discretion.

Accordingly, the district court judgment vacating the sentence reduction ordered by the county court is reversed and the matter remanded with the direction that the district court enter judgment in accordance with this opinion and issue its mandate to affirm the county court judgment.

REVERSED AND REMANDED WITH DIRECTION.

CAPORALE, J., dissenting.

I respectfully dissent; it seems to me that a criminal defendant ought not be able to have the excessiveness of his or her sentence reviewed by this court and then, upon its affirmance, ask the sentencing court to reconsider the sentence and reduce it. A defendant who puts the sentence at issue before an appellate court should be treated as having waived any right for later reconsideration of the sentence by the inferior sentencing court; once an appellate court passes upon a

sentence, the sentence should be treated as the judgment of that court, and the only power an inferior court should acquire over it is to enforce it as affirmed. See *In re Caruba*, 142 N.J. Eq. 358, 61 A.2d 290 (1948), *cert. denied* 335 U.S. 846, 69 S. Ct. 69, 93 L. Ed. 2d 396. See, also, *State v. Kowalczyk*, 3 N.J. 231, 69 A.2d 718 (1949); *Stowe v. Superior Court*, 72 Cal. App. 174, 236 P. 985 (1925).

Under the statutory interpretation announced today, a criminal defendant will be able first to ask this court to review his sentence and, if we find it to be not excessive, later ask us to review the sentencing court's subsequent refusal to reduce it. In my view, such a result makes no procedural sense and is not compelled by the statutory language.

The provision of Neb. Rev. Stat. § 29-2308.01 (Cum. Supp. 1988) empowering a sentencing court to reduce its sentence "within one hundred twenty days after . . . receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal" does not address cases in which the sentence has been called into question before the appellate court. As I read the statute, it contemplates that a sentencing court retains power to reduce a sentence after appellate review only if sentencing issues were not put before the appellate court. Thus, sentencing issues would be reviewed by this court once and only once. I submit that such a construction is logical and fulfills our obligation to construe a statute as if the Legislature intended a sensible, rather than an absurd result. *Commerce Sav. Scottsbluff v. F.H. Schafer Elev.*, 231 Neb. 288, 436 N.W.2d 151 (1989).