STATE OF NEBRASKA, APPELLEE, V. STEVEN
VAN ACKEREN, APPELLANT.

265 N. W. 2d 675

Filed May 10, 1978.   No. 41647.

Dennis R. Keefe of Naylor & Keefe, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

On trial to the court, jury trial having been waived, the defendant was convicted on one count of burglary and on one count of possession of a firearm by a felon, and adjudged to be an habitual criminal. He was sentenced to imprisonment for a period of not less than 11 nor more than 14 years on each count, the sentences to run concurrently to each other and consecutively to any sentence being served. The defendant has appealed.

On December 24, 1976, the defendant escaped from the Nebraska Penal and Correctional Complex, where he was then serving a 7-year prison sentence. The defendant went to a house in Omaha, Nebraska, where Lita Longton, a woman he had previously known, was living with Billy Morris, a man who paid her living expenses. So far as the record shows, there were no other occupants of the house. Ms. Longton gave the defendant permission to stay in the house.

Morris' testimony was that the defendant arrived at the house on Christmas Eve and thereafter occupied quarters in the basement. Morris also said that sometime after the defendant's arrival at the house the defendant asked Morris if Morris wanted to join him in a burglary. On December 28 or 29,

1976, Morris and Van Ackeren went to a residence in Omaha, jimmied the back door, and took a shotgun, a rifle, and a suitcase filled with clothing.

The Omaha police department had been alerted as to the defendant's escape. On the afternoon of December 30, 1976, the police received a tip that the defendant might be living at 4315 Franklin Street. Five police officers went to the house at approximately 3 p.m. Three officers were assigned to guard the rear and side of the house while Officers Godberson and Jernigan approached the front door. Officer Godberson knocked on the front door and the door was opened by Morris. The officers displayed their identification, drew their guns, and asked if the defendant was hiding in the house. Morris nodded his head affirmatively. One of the officers told Morris to lie down on the living room floor. The other officer called to the defendant not to make a move, that the house was surrounded. Officer Godberson went into a bedroom to the left of the entrance where he found the defendant hiding under the bed. The defendant was arrested and handcuffed. The officers told Morris they wanted to see everything in the house that the defendant had brought in. Morris gave them permission to search the house and told them that the defendant was staying in the basement. The officers went to the basement with Morris. One of the officers picked up a leather jacket which was lying on the bed and Morris indicated that it was the defendant's jacket. Inside the jacket the officers found an automatic pistol with live rounds in the clip. In the basement area they also found a shotgun and a rifle, later identified as those taken in the burglary. The police had neither an arrest warrant nor a search warrant.

Prior to trial and in compliance with statutory requirements, the defendant moved to suppress all the items seized as a result of the search of the house. The District Court denied defendant's motion to sup-

press, held that the defendant had no standing to challenge the search, and that the search was not unreasonable in view of the defendant's status as an escapee. After trial and conviction, motion for new trial was filed and overruled, and this appeal followed.

The defendant's assignments of error center around the contention that the search and seizure in this case violated the defendant's constitutional right to be free from unreasonable searches and seizures, and that defendant's motion to suppress the evidence seized was erroneously denied.

In this case the defendant filed a motion to suppress the evidence obtained in the allegedly unreasonable search and seizure more than 10 days prior to trial in accordance with statutory requirements. After hearing in the District Court, the court denied the motion to suppress. The defendant did not again move to suppress the evidence at trial, nor make specific objection to its admission.

A preliminary issue on this appeal is therefore whether, after denial of a motion to suppress evidence, it is necessary at trial to move to suppress again or object to the admission of the evidence which the court has previously refused to suppress, and whether such objection is a prerequisite to review of the suppression issue on appeal.

Section 29-822, R. R. S. 1943, provides that motions to suppress evidence obtained by an unlawful search and seizure must be filed at least 10 days before trial or at the time of the plea to the complaint, whichever is the later, and provides: "Unless claims of unlawful search and seizure are raised by motion before trial as herein provided, all objections to use of the property as evidence on the ground that it was obtained by an unlawful search and seizure shall be deemed waived; Provided, that the court may entertain such motions to suppress after the commencement of trial where the defendant is surprised by the

possession of such evidence by the state, and also may in its discretion then entertain the motion where the defendant was not aware of the grounds for the motion before commencement of the trial."

In State v. Smith, 184 Neb. 363, 167 N. W. 2d 568, the court said: "We conclude that section 29-822, R. R. S. 1943, intends, unless within the exceptions contained in the statute, that motions to suppress evidence should be finally determined before trial, but that a trial court is not precluded from correcting errors at the trial." In the case now before us there are no facts which bring it within the exceptions contained in the statute.

The State now contends that since the trial court is not precluded from correcting errors at trial, the failure to again object to the evidence at trial constitutes a waiver of all objections to admission and precludes any review of the suppression issue on appeal. We disagree.

The issue is one of first impression in this state but has been dealt with extensively in other jurisdictions. In Lawn v. United States, 355 U. S. 339, 78 S. Ct. 311, 2 L. Ed. 2d 321, the United States Supreme Court noted: "It is quite true generally that the overruling of a pretrial motion to suppress the use at the trial of particular evidence preserves the point and renders it unnecessary to object when such evidence is offered at the trial." In that particular case, however, defense counsel had made use of the evidence in his argument, and had stated that he had no objection to its introduction. The court therefore held that he had waived the objection.

A leading case for the view that reassertion of the objection at trial is not necessary is Waldron v. United States, 219 F. 2d 37. In that case the court was applying Rule 41 (e) of the Federal Rules of Criminal Procedure, a rule very similar to section 29-822, R. R. S. 1943. That case very effectively sets forth the reasons for such a rule. The court said:

"It seems clear to us that a ruling on a motion to suppress evidence becomes a controlling rule in the case just as does a ruling made during a trial. * * * It seems to us the same elementary principles must apply when a motion to suppress has been made under Rule 41 (e) and denied by the court. In denying such a motion based upon an allegation of unconstitutional search and seizure, the court passes upon an important point of law, frequently one of the most important in the case. The court conducts a hearing for the purpose, receives evidence, and renders a legal judgment. If it were necessary that the point be raised again during the course of the trial, the whole procedure of hearing, testimony, etc., would have to be repeated, a useless performance; or the court would merely enter again its prior conclusion without further hearing, an equally useless performance. The movant has a right to renew his point; it would be safer and more skillful to interpose an objection when the evidence is offered; but we think he is not required to do so. He does not waive it and is not barred from pressing it upon appeal, if he merely abides the court's ruling and tries the remainder of his case accordingly. To hold otherwise would be to inject a pure technicality, without a purpose, into the conduct of trials, requiring counsel to repeat a contention already disposed of in the proceeding; and this in respect to a waiver of a constitutional right. The fact that the court might in its discretion entertain a motion to suppress during the trial does not make it obligatory upon parties to renew such motions during trial or to object in any other way to the evidence at the trial."

Not only federal courts but state courts have also followed that rule under statutes or rules similar to section 29-822, R. R. S. 1943. In State v. Baker, 26 Ariz. App. 255, 547 P. 2d 1055 (1976), the court said: "Appellant's counsel sufficiently preserved the issue for appeal by formally moving to suppress the gun

and then following through with the suppression hearing. We will not require defense counsel to waste the trial court's time with futile objections to the introduction of evidence when a motion to suppress has already been made and denied."

In State v. Michaels, 60 Wash. 2d 638, 374 P. 2d 989, the Supreme Court of Washington said: "In this case * * * the trial court had all the facts before it when the pretrial motions were made, and the ruling which it made on the last of them was final in its terms. To have objected to the introduction of the evidence after this definitive ruling would have been a useless act, and this the law does not require."

3 Wright, Federal Practice and Procedure, Criminal, § 678, p. 141, states the federal rule: "It ordinarily cannot be claimed on appeal that a search and seizure were illegal if there was neither a motion to suppress nor an objection to the introduction of the evidence at the trial. If the motion was made and denied, this should be enough to preserve the question for appeal without renewing the motion at the trial, but this is not an inexorable rule and careful counsel should renew the objection to avoid any question."

States which require additional objections at trial generally justify the rule on the ground that it is settled law in their jurisdictions which they decline to depart from, or that the trial judge may not be the same judge who ruled on the motion to suppress. See, Sisson v. State, 141 Ga. App. 559, 234 S. E. 2d 146; State v. Cage, 218 N. W. 2d 582 (Iowa); State v. Bryson, 506 S. W. 2d 358 (Mo.).

It is evident from the record here that the defendant did not intend to waive the suppression issues. The same judge who denied the pretrial motion to suppress was also the judge at the trial. The evidence at trial was stipulated, and no objection was made to any evidence, including the suppression evidence. Before the trial concluded, however, the

defendant renewed all motions previously made. The court had previously been made aware that the suppression issue was the only realistic ground for appeal, and the suppression issue was specifically presented and argued in defendant's motion for new trial.

Where a defendant has filed a timely pretrial motion to suppress evidence, and such motion is denied by the District Court after hearing, an objection at trial to the introduction of the evidence, or the renewal of the motion to suppress, is not essential to preserve the question for review. The defendant has a right to renew his motion at trial, and it would be prudent and skillful to interpose an objection when the evidence is offered, but he is not required to do so to preserve his point for review, nor does the acceptance of a court's prior suppression ruling constitute a waiver of the right to appellate review of the suppression issue in the absence of other affirmative evidence of waiver. Nothing in this ruling obviates the necessity for presenting the issue to the trial court in a motion for new trial as a prerequisite to consideration by this court on appeal.

An additional preliminary issue in this case is the contention that the defendant, as an escapee, had no standing to challenge the search and seizure here. As a general rule a defendant must establish that he was "legitimately on premises where a search occurs." Jones v. United States, 362 U. S. 257, 80 S. Ct. 725, 4 L. Ed. 2d 697. It must also be established that "the area was one in which there was a reasonable expectation of freedom from governmental intrusion." Mancusi v. DeForte, 392 U. S. 364, 88 S. Ct. 2120, 20 L. Ed. 2d 1154. At least one court has held that an escapee from prison has no standing to challenge a search such as this. See Robinson v. State, 312 So. 2d 15 (Miss., 1975).

There may be some question as to whether the defendant lacked standing to challenge the seizure of

the handgun here in view of the nature of the charge, which requires personal possession. See State v. Schrader, 196 Neb. 632, 244 N. W. 2d 498. In view of the disposition we make on the reasonableness of the search and seizure here, we find it unnecessary to pass upon the issue of standing.

The evidence in this case is undisputed that the police were given permission by Billy Morris to search the house in which the evidence was found. The evidence is also uncontradicted that Morris was one of two cotenants of the house, who paid the expenses of the other cotenant. It is quite clear that a warrantless search of a house may be justified when police have obtained the consent to search from a "party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." State v. Schrader, *supra*. This is the generally accepted rule. See United States v. Finch, 557 F. 2d 1234 (8th Cir., 1977).

At the preliminary hearing Morris was asked whether he had told the police they could search the house and he responded: "Yeah. I gave them permission to." The search here was clearly consented to by a party having authority to do so. The search was neither unreasonable nor invalid. The District Court properly denied the defendant's motion to suppress.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.