STATE OF NEBRASKA, APPELLEE, V. ROGER A. POINTER, APPELLANT.

402 N.W.2d 268

Filed March 13, 1987.   No. 86-458.

James H. Buhrmann of Buhrmann & Johnson, for appellant.

Robert M. Spire, Attorney General, and Steven J. Moeller, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

Defendant, Roger A. Pointer, was convicted after jury trial of burglary in violation of Neb. Rev. Stat. § 28-507 (Reissue 1985). The evidence at trial showed that defendant, with others, broke into a bar and stole substantial quantities of beer, lesser quantities of intoxicating liquor, and other items. Defendant was sentenced to 5 years' probation, with conditions including up to 90 days of nighttime local incarceration.

Defendant appeals, assigning two errors: (1) "That the trial court failed to suppress the statements of the accused"; and (2) "The trial court abused its discretion in failing to order a mistrial after being informed that a police officer had talked to a witness about the testimony in the case at bar while both were sequestered." We affirm.

With regard to the first assignment of error, the record shows that no objection was made at trial to the testimony of Officer Clark concerning defendant's oral statements made to the officer. There had been a hearing, before trial, on defendant's motions to suppress physical evidence and to suppress his statements. The motions were overruled at that hearing. At trial, defendant's counsel examined the State's witness who testified as to defendant's statements as to foundation, but did not further cross-examine the witness nor object to the witness' testimony. The evidence at trial concerning the statements was received without objection.

Neb. Evid. R. 103, Neb. Rev. Stat. § 27-103 (Reissue 1985), provides in part:

(1) Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and:

(a) In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if a specific ground was not apparent from the context.

The error alleged has not been preserved for our review. In *United States v. Udey*, 748 F.2d 1231, 1240 (8th Cir. 1984), the court stated: "[N]o objection was made to Agent Blasingame's testimony regarding those statements. Accordingly, the issue was not properly preserved for appeal because no objection was made at trial to the admission of the testimony. FED.R.EVID. 103 . . . ." See, also, *United States v. Vitale*, 728 F.2d 1090 (8th Cir. 1984); *United States v. Wagoner*, 713 F.2d 1371 (8th Cir. 1983).

Neb. Evid. R. 103 is identical with Fed. R. Evid. 103. Without an objection by defendant at trial, the trial court has no obligation to interject itself into the proceedings to make rulings not requested. Such actions might well trample on defendant's trial tactics not known to the court. The record before us does not include the instructions given in the case, so we do not know if the question of the voluntariness of defendant's statements was submitted to the jury (see *State v. Bodtke*, 219 Neb. 504, 363 N.W.2d 917 (1985)). Defendant may have wanted the statements before the jury and may have been setting the stage for a jury argument on that issue. The trial court could not know, and is not required to guess, as to defendant's motivation in not objecting. The trial court in this case refrained from voluntarily interjecting objections to the State's testimony, and acted properly in this instance. Under rule 103(1), there is nothing for this court to review.

This court has consistently held that a defendant may not predicate error on the admission of evidence to which timely objection was not made. *State v. Laymon*, 217 Neb. 464, 348 N.W.2d 902 (1984); *State v. Holland*, 213 Neb. 170, 328 N.W.2d 205 (1982). That general rule has been applied specifically in cases where a motion in limine has been denied in a separate hearing but no objection to the same evidence was made at the

trial of the case. Uniformly, we have held that the alleged error was not presented for our review because of the lack of objection to the evidence at the trial. *State v. Tomrdle*, 214 Neb. 580, 335 N.W.2d 279 (1983); *State v. Harper*, 215 Neb. 686, 340 N.W.2d 391 (1983).

We note our holding in *State v. Van Ackeren*, 200 Neb. 812, 265 N.W.2d 675 (1978). In that case, we held that in a criminal case where a defendant has filed a timely pretrial motion to suppress physical evidence and the motion is denied after hearing, an objection at trial is not essential to preserve the question for review on appeal. That case involved a motion to suppress physical evidence under the fourth amendment to the U.S. Constitution or article I, § 7, of the Nebraska Constitution, while in the case at bar the defendant seeks the protection of the fifth amendment to the U.S. Constitution or article I, § 12, of the Nebraska Constitution.

We note that in the *Van Ackeren* case the defendant renewed "all motions previously made" and that the judge who denied the pretrial motion was the same judge who conducted the trial. In the case at bar, the record does not show any such general motion. We further note that in the *Van Ackeren* case at 819, 265 N.W.2d at 678, we stated that it would be "prudent and skillful to interpose an objection when the evidence is offered . . . ."

In view of the fact that on occasion a defendant may want his statement to go to the jury when a portion of the statement may be exculpatory (see *State v. Cook*, 182 Neb. 684, 157 N.W.2d 151 (1968)); or when the statement puts much of the blame on others, as in this case; or for reasons unknown to the trial court; we hold that in a criminal trial, after a pretrial hearing and order which overrules a defendant's motion to suppress his statement, the defendant must object at trial to the receipt of the statement in order to preserve the question for review on appeal. Such a procedural rule obviates the necessity of the trial court's guessing whether defendant wants his statement before the jury and removes the possibility of defendant's second-guessing the admissibility of the evidence after an unfavorable result.

We note that a ruling in a pretrial hearing that a defendant's statement is admissible is not a final order that may be appealed from by a defendant. Neb. Rev. Stat. § 29-824 (Reissue 1985)

has been construed to make a lower court's ruling that such statements are not admissible appealable, as to the State, in an interim appeal. No such right is afforded a defendant under that statute, and an order denying a motion to suppress a defendant's statement is not an appealable order.

We have examined the record in also applying Neb. Evid. R. 103(4), which provides: "Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the judge." Our examination does not disclose any plain error. See *United States v. Vitale*, 728 F.2d 1090 (8th Cir. 1984).

With regard to defendant's second assignment of error, the record shows that a State's witness returned to the stand to correct a statement she had made in her earlier direct testimony. The witness had testified that she had never given any information to the police in other cases. After she left the stand and went into the hall outside the courtroom, one of the police officers remarked to her that she had given evidence to the police before, in another case. The witness then remembered that 7 years before she had given evidence to the police in "a child molesting case." The witness was recalled to the stand and corrected her testimony in that regard.

The police officer who furnished the correct information to the witness had completed his testimony in the trial, although he was called back by defendant to testify concerning this issue. The witness in question had completed her testimony. The terms of the witness sequestration order are not in the record, and we cannot say there was a violation of whatever order was issued.

In any event, there was clearly no prejudice to defendant. The incident gave defendant a chance to attack the credibility of one of the State's witnesses—a chance he might not otherwise have had. Where there is no prejudice shown to defendant, it is within the sound discretion of the trial court to allow testimony from a witness who is in violation of a sequestration order. *State v. Swillie*, 218 Neb. 551, 357 N.W.2d 212 (1984). The trial court did not abuse its discretion in this case.

The judgment is affirmed.

AFFIRMED.