STATE OF NEBRASKA, APPELLEE, V. STEVEN R. BLAIR, APPELLANT.

419 N.W.2d 868

Filed March 4, 1988.    No. 87-330.

James Martin Davis, for appellant.

Robert M. Spire, Attorney General, and Yvonne E. Gates, for appellee.

HASTINGS, C.J., WHITE, SHANAHAN, and FAHRNBRUCH, JJ., and HANNON, D.J.

HANNON, D.J.

On the following evidence, the defendant was convicted of possession of cocaine. On the evening of March 27, 1986, the defendant and a Ms. Allen were leaving Omaha in her 1985 Corvette. The sun had set and headlights and streetlights were on. He drove south on 72d Street and turned west on Maple Street. At that time a police officer by the name of Brian Smith was also driving south on 72d Street, and he observed the defendant change lanes and turn without signaling. The police officer followed the defendant onto Maple Street with the intention of issuing a ticket for failure to signal. After driving about two blocks west, the defendant moved from the curbside lane into the lane next to the median. Officer Smith testified he was following one car length behind the defendant when he saw the defendant extend his arm out the window and throw a white piece of paper onto the median. The defendant then returned to the curbside lane, turned right at the next block, and stopped near the corner. After stopping, he walked back to the police car and, upon request, returned to the Corvette to get the vehicle registration.

The defendant denied throwing anything from the vehicle, but at the officer's request went with him to the point where the officer saw the defendant throw the object. They walked directly back to the spot and found a small white piece of paper on the median. It was folded like an envelope and is commonly called a snow seal. The officer suspected it contained cocaine. The contents of the snow seal were later analyzed to be four-tenths of a gram of cocaine. The defendant denied throwing the package out, or possession of any cocaine. After they returned to the vehicles, the officer arrested the defendant and told him to wait in his own automobile. The defendant got into the Corvette and drove off at a high rate of speed while the officer was calling for help. The officer tried to follow the defendant, but was unsuccessful. The defendant was arrested

later.

At the trial, the State introduced the testimony of two police officers, who testified that in March of 1985 the defendant was pulled over in a radar trap. He drove off and was pursued and arrested. On that occasion the police searched the automobile and found two small scales with a residue on them which appeared to the officers to be cocaine. As a result of that incident, he was charged with a number of traffic offenses and possession of a controlled substance. He was convicted of speeding, and the controlled substance charge was dismissed. At the trial in this case, the State's chemist testified that the residue was cocaine.

More than 10 days before trial the defendant filed a motion entitled "Motion to Suppress." In paragraph 1 of the motion, the defendant moved to suppress the testimony described above on the grounds that it would be offered to show propensity to commit the crime and that its probative value was outweighed by danger of unfair prejudice. In the second paragraph of the motion, the defendant moved to suppress the cocaine retrieved on March 27, 1986, on the ground that it was recovered pursuant to an unlawful arrest and without probable cause. Immediately before trial a hearing was had on the motion. The record shows that just before receiving evidence at that hearing the trial judge said: "You may proceed. This matter comes on for a hearing on Paragraph 2 of the defendant's written motion to suppress filed December 30 of last year. You may proceed." At that hearing the only evidence offered related to March 27, 1986. When the court offered the defendant an opportunity to be heard on the motion, the defendant's attorney referred the trial judge to paragraph 2 of the motion. In overruling the motion, the judge stated there was no expectation of privacy for an object in the highway median and noted that the defendant disclaimed any interest in the object. No other reference appeared in the record as to the motion to suppress, or any part of it. No motion for new trial was filed.

The defendant testified at the trial. He denied throwing anything from his vehicle. On cross-examination, he testified he drove off after reflecting on the 1985 incident. He testified he was beaten by police at the time of the 1985 incident.

The defendant assigns two errors: (1) that the trial court erred in overruling the defendant's motion to suppress all testimony and evidence relating to a prior charge against the defendant for which he was never convicted, and (2) that the evidence was insufficient to support the verdict.

This court cannot consider the first error for three reasons. One, the record shows only that the trial court heard and ruled upon paragraph 2 of the motion to suppress, but does not show that paragraph 1 of the motion was even brought to the attention of the court and ruled upon. "This court has consistently held that a defendant may not predicate error on the admission of evidence to which timely objection was not made. *State v. Laymon*, 217 Neb. 464, 348 N.W.2d 902 (1984); *State v. Holland*, 213 Neb. 170, 328 N.W.2d 205 (1982)." *State v. Pointer*, 224 Neb. 892, 894, 402 N.W.2d 268, 270 (1987). The record must also show that the trial court ruled upon the motion. *State v. Harris*, 205 Neb. 844, 290 N.W.2d 645 (1980). Furthermore, Neb. Rev. Stat. § 25-1912.01(1) (Reissue 1985) provides: "A motion for a new trial shall not be a prerequisite to obtaining appellate review of any issue upon which the ruling of the trial court appears in the record." The ruling of the trial court on the issue of paragraph 1 of the motion to suppress does not appear in the record.

The third reason is that paragraph 1 of the motion to suppress had to do with the admissibility of evidence under Neb. Rev. Stat. §§ 27-403 and 27-404(2) (Reissue 1985). Such a motion is more properly called a motion in limine. Even if a trial court rules upon such a motion before trial, any error can only be preserved by also objecting at the time the evidence was offered. *State v. Pointer, supra; State v. Tomrdle*, 214 Neb. 580, 335 N.W.2d 279 (1983); *State v. Harper*, 215 Neb. 686, 340 N.W.2d 391 (1983).

The defendant also maintains that the evidence is insufficient to support the verdict. There is direct evidence by Officer Smith that the defendant threw a small white object from the automobile while he was being stopped by the police. A few minutes later the officer recovered a white packet containing cocaine at the spot where he saw it thrown. The defendant's flight from the scene adequately established his guilty

knowledge. The evidence is sufficient and convincing.

AFFIRMED.