STATE OF NEBRASKA, APPELLEE, V. BESSIE HILL, ALSO KNOWN AS
BESSIE STUBBLEFIELD, APPELLANT.

444 N.W.2d 905

Filed September 1, 1989.   No. 88-194.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Robert M. Spire, Attorney General, Douglas J. Peterson, and Jill Gradwohl Schroeder for appellee.

HASTINGS, C.J., WHITE, and FAHRNBRUCH, JJ., and FUHRMAN and WHITEHEAD, D. JJ.

WHITEHEAD, D.J.

Bessie Hill, also known as Bessie Stubblefield, appeals her jury convictions and resulting sentences for possession with intent to deliver a controlled substance and unlawful possession of a controlled substance. We affirm Hill's convictions and sentences.

On August 10, 1987, two Omaha police officers, Haskell and Smith, were conducting a surveillance of an area in the 2300 block of Charles Street, Omaha, Nebraska, which was known to the officers as one of the highest areas of drug traffic in the city. They had conducted this surveillance on various occasions in the prior 6 weeks.

Officer Haskell had participated in the earlier surveillance and knew who the defendant was and knew that she did not live in the immediate area. This officer, partially obscured by trees and weeds, was standing 20 to 30 feet from the area where the defendant was standing. Haskell observed the defendant and a woman approaching the defendant. The woman and the defendant spoke briefly, and then the woman handed the defendant cash and the defendant handed something to the woman. Because the defendant had her back to the officer, the officer did not see what the defendant gave the woman. A man approached the defendant and pointed to the officer, and defendant Hill headed toward her car. Haskell radioed Officer

Smith, who was in the cruiser, to assist him and then stopped the defendant before she got to her car. Haskell asked for identification, and the defendant provided it. Haskell then went to the cruiser and checked for outstanding warrants on the defendant. Smith, who had been in the cruiser, stayed with the defendant. Smith observed that the defendant appeared to be attempting to hide something she had in her hands by moving her arms into positions which kept them away from Smith's view. Smith asked the defendant to show him what she had in her hand, but she refused. When Smith tried to take hold of the defendant's arm, Hill threw a prescription bottle about 10 feet. Haskell retrieved the bottle. A laboratory check of the contents revealed the bottle contained packets of cocaine and 14 tablets of 20 milligrams each of methylphenidate. The defendant was placed under arrest and was taken to the station, where her purse was searched and revealed no further controlled substances.

Before trial, the defendant moved to suppress physical evidence seized by a search of the defendant's person and immediate surroundings on August 10. The trial court overruled the motion. During the trial of the case, the defendant's only objection was raised after the contents of the purse were introduced into evidence. A jury found the defendant guilty on both charges.

The defendant's principal assignment of error is that the district court erred in overruling the defendant's motion to suppress based upon the argument that the police officers failed to articulate facts sufficient to justify the detention and that they went beyond the permissible scope provided by law.

In reviewing the trial court's order on the motion to suppress, this court will not overrule the trial court's finding of fact unless the findings are clearly erroneous. *State v. Vrtiska*, 225 Neb. 454, 406 N.W.2d 114 (1987). Neb. Rev. Stat. § 29-829 (Reissue 1985) provides that a police officer may stop any person in a public place whom he reasonably suspects of committing, who has committed, or who is about to commit a crime, and may demand of him his name, address, and an explanation of his actions.

The police officer, in the case at hand, approached the

defendant based upon all the facts before him. It is the court's opinion that he had reason to believe that the defendant was committing, had committed, or was about to commit a crime. Officer Haskell observed the defendant walking the area of the 2300 block of Charles Street and talking with various people. Haskell was observing the defendant because the narcotics unit of the police department received information that the defendant was dealing drugs. Also, the area in which the defendant was observed was the highest drug trafficking area in the city at that time, and he knew that the defendant did not live in that area. Haskell observed the defendant talking with a woman who handed money to the defendant, and immediately after the woman handed the money to the defendant, a man ran up to the defendant and pointed toward Haskell standing nearby. The defendant looked toward the officer and then walked toward her car.

Also, in a period of 6 weeks prior to August 10, Officer Haskell had observed the defendant standing on the sidewalk in the area of the 2300 block of Charles Street, and individuals would approach and talk to her. They would then get in the defendant's car, drive around the block, and return to the same area. The defendant would park her car, and they would both get out of her car and go in separate directions. Sometimes the defendant would stay on the sidewalk until someone else would come along to talk to her, and then they would go into one of the houses there, be in the house for 5 to 20 minutes, and come back out. The defendant would then wait until the next person came along.

At the time, the officers believed that a drug transaction had taken place. It should be noted that the person of the defendant was not searched, nor were her purse or other belongings gone through. The officers were just trying to identify the defendant and see if there were any outstanding warrants for her. When Officer Smith believed the defendant was hiding something in her hand from him and he attempted to find out what it was, the defendant flung the medicine bottle in question.

In *Adams v. Williams*, 407 U.S. 143, 92 S. Ct. 1921, 32 L. Ed. 2d 612 (1972), the U.S. Supreme Court stated that " 'a police officer may in appropriate circumstances and in an

appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest.' " 407 U.S. at 145. In fact, the Court goes on to say that "it may be the essence of good police work to adopt an intermediate response." *Id.* A brief stop of a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information may be more than reasonable in light of the facts known to the officer at the time. *Adams, supra.* See, also, *State v. Gross*, 225 Neb. 798, 408 N.W.2d 297 (1987); *State v. Roggenkamp*, 224 Neb. 914, 402 N.W.2d 682 (1987).

Even if the court agreed with the defendant that the trial court did err in overruling her motion to suppress evidence, this matter would not be before the court for consideration inasmuch as the defendant did not preserve her objection at trial. In a criminal trial, after a pretrial hearing and order which overrules the defendant's motion to suppress evidence, the defendant must object at trial to the receipt of the evidence in order to preserve the question for review on appeal. Nebraska Evid. R. 103 (Neb. Rev. Stat. § 27-103 (Reissue 1985)); *State v. Pointer*, 224 Neb. 892, 402 N.W.2d 268 (1987).

"This court has consistently held that a defendant may not predicate error on the admission of evidence to which timely objection was not made." 224 Neb. at 894, 402 N.W.2d at 270. Uniformly, we have held that the alleged error was not presented for our review because of the lack of objection to the evidence at trial. Even if the court agreed with the defendant that the district court erred in not sustaining the defendant's motion to suppress evidence, the error was not preserved for consideration by this court, and, therefore, the judgment and sentences must be affirmed.

AFFIRMED.