STATE OF NEBRASKA, APPELLEE, V. JOHN M. PETERSON, APPELLANT.
462 N.W.2d 423

Filed October 26, 1990.    No. 89-1205.

Avis R. Andrews for appellant.

Robert M. Spire, Attorney General, and Melanie J. Whittamore-Mantzios for appellee.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Contending that he did not have the requisite intent to steal when he broke into and entered a Fremont, Nebraska, sporting goods store around 2:30 a.m. on June 2, 1989, John M. Peterson appeals his burglary conviction and sentence.

After his jury conviction, the defendant was sentenced to prison for not less than 4 nor more than 15 years.

On appeal, the defendant, in substance, claims (1) that there was insufficient evidence to prove that at the time he broke into the sporting goods store he had the intent to steal and (2) that his sentence is excessive. We affirm both Peterson's conviction and sentence.

In reviewing a criminal conviction, it is not the province of the Supreme Court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the finder of fact, whose findings must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support them. *State v. Wright*, 235 Neb. 564, 456 N.W.2d 288 (1990).

Taking the view most favorable to the State, the evidence reflects the following: On June 2, 1989, at 2:30 a.m., police officers responded to a silent alarm at Lou's Sporting Goods

(Lou's), located in Fremont, Dodge County, Nebraska. Two officers entered the business and proceeded to search for persons in the store. In a room beneath a stairway, the officers located Peterson. The defendant was crouched under a trophy-assembly work station with his gloved hands over his head. Ten feet from Peterson the officers found a rifle belonging to the store. The officers also found the defendant's personal knapsack, containing a pair of binoculars, a holster, a scope, and three boxes of pistol shells, all of which were the property of Lou's.

Peterson told the officers that he had taken the rifle because he liked rifles, that the scope was for the rifle, that he had taken the binoculars because he wanted them, and that the holster was for his girl friend to use in an upcoming parade. He explained that he had taken the ammunition for a gun he had previously purchased from Lou's.

The defendant told the officers he had entered the building to "prove a point." When asked what he meant, Peterson declared " 'there are bars on the windows,' [but] there was nothing on the roof." The defendant said he entered the sporting goods store by climbing a drainpipe up to the roof and then removing the cover from a roof hatch, after which he climbed down into the store.

In considering Peterson's first assignment of error, that there was insufficient evidence to prove that he had the intent to steal when he broke into and entered the sporting goods store, we are guided by the following rules of law: The finding of guilty by the trier of fact will not be overturned on appeal unless it is based on evidence so lacking in probative force that it can be said as a matter of law that the evidence is insufficient to support a finding of guilty. *State v. Boham*, 233 Neb. 679, 447 N.W.2d 485 (1989). Under Neb. Rev. Stat. § 28-507(1) (Reissue 1989), "[a] person commits burglary if such person willfully, maliciously, and forcibly breaks and enters any real estate or any improvements erected thereon with intent to commit any felony or with intent to steal property of any value." When the sufficiency of the evidence as to criminal intent is in issue, a direct expression of intention by the defendant is not required; the intent with which an act is committed involves a mental

process and may be inferred from the words and acts of the defendant and from the circumstances surrounding the incident. *State v. Saltzman*, 235 Neb. 964, 458 N.W.2d 239 (1990). The requisite state of mind is a question of fact and may be proved by circumstantial evidence. *Id*.

In his defense, Peterson testified that on June 1, the day before the burglary, he was in court on a charge of child neglect because his child was present when the defendant attempted to commit suicide; that the suicide attempt was the result of his despondency over a divorce action instituted by his wife; that the defendant sought, but was refused, psychiatric treatment in the June 1 court action; that he was unable to sleep that night because he heard voices; that he had been hearing these voices in his head since he was 14; that he put on his knapsack and went for a walk, something he frequently did late at night; that he used his knapsack to carry rocks for weight while jogging; that he did not recall why he climbed onto Lou's roof; and that upon entering the building he had no idea what he was planning to do.

Clearly, the evidence adduced at trial was sufficient for the jury to infer and find beyond a reasonable doubt from the words and acts of Peterson and from the circumstances surrounding his entry into the sporting goods store that he entered Lou's with intent to steal. Peterson was wearing gloves in June and was carrying a knapsack, and, when questioned, the defendant had a purpose for each of the items taken. In contrast to Peterson's testimony, his own psychiatric expert testified that Peterson was competent to stand trial, was sane at the time of the burglary, knew what he was doing, and could have stopped himself. No rocks were found in Peterson's knapsack. Additionally, Peterson's grandmother testified that it was Peterson's normal practice not to leave the house at night but, rather, to lie about, watch TV, and eat all night.

It cannot be said that the evidence as to the defendant's intent to steal was so lacking in probative value as to be insufficient to support a guilty verdict. Peterson's first assignment of error is meritless.

Peterson's second assignment of error, that his sentence is excessive, is also meritless. Burglary is a Class III felony

punishable by not less than 1 nor more than 20 years' imprisonment, up to a $25,000 fine, or both. Neb. Rev. Stat. § 28-105 (Reissue 1985).

The defendant was sentenced to an indeterminate sentence of not less than 4 nor more than 15 years' imprisonment, with credit for time spent in jail while awaiting disposition of his case. It is well established that an order imposing a sentence within the statutorily prescribed limits will not be disturbed on appeal absent an abuse of discretion. *State v. Garza, ante* p. 215, 459 N.W.2d 747 (1990). Peterson's sentence was well within the statutorily prescribed limits. Moreover, it is the minimum portion of an indeterminate sentence which measures its severity. *State v. Nevels*, 235 Neb. 39, 453 N.W.2d 579 (1990); *State v. Spotted Elk*, 227 Neb. 869, 420 N.W.2d 707 (1988); *State v. Sianouthai*, 225 Neb. 62, 402 N.W.2d 316 (1987).

As a juvenile, Peterson was placed on probation for burglary. As an adult, in 1984, he was placed on probation for 2 years because of a theft. That probation had to be continued until February 1987 because Peterson had not complied with all of the terms of his probation within the 2-year period. Also in 1984, the defendant was placed on 6 months' probation for disorderly conduct. During that probation, he failed to pay court costs, failed to report to the probation office, and failed to attend Alcoholics Anonymous meetings as ordered. Peterson, from October 1986 to April 1987, accumulated three fines for the violation of the law relating to the possession of marijuana. In December 1988, he was fined for child abuse/neglect. The defendant also paid fines for two liquor violations and seven traffic offenses. If not contempt for the law, Peterson's extensive record shows, at the least, a total disrespect for the law.

Considering the deliberate and premeditated manner in which Peterson committed the burglary at the sporting goods store in Fremont, and considering his continued disrespect for the law as shown by his numerous violations of law, any sentence less than what the trial court imposed in this case would not only depreciate the seriousness of Peterson's offense, but would also promote disrespect for the law. See Neb. Rev. Stat. § 29-2260 (Reissue 1989). Under all of the facts and

circumstances, it cannot be said that the trial court abused its discretion in sentencing the defendant to not less than 4 nor more than 15 years' imprisonment. The sentence was not overly severe.

Peterson's conviction and sentence are affirmed.

AFFIRMED.

HASTINGS, C.J., participating on briefs.