STATE OF NEBRASKA, APPELLEE, V. MARK S. COGSWELL,
APPELLANT.

467 N.W.2d 680

Filed April 5, 1991. No. 90-272.

Alan G. Stoler for appellant.

Robert M. Spire, Attorney General, and Kenneth W. Payne for appellee.

Hastings, C.J., White, Caporale, Shanahan, Grant, and Fahrnbruch, JJ., and Colwell, D.J., Retired.

White, J.

Appellant, Mark S. Cogswell, was charged with the offense of unlawful possession of a controlled substance with intent to distribute, to wit: methamphetamine. After trial he was convicted and sentenced to a term of 3 to 5 years' imprisonment in the Nebraska Penal and Correctional Complex. He appeals. We affirm.

Three errors are assigned: (1) The court erred in overruling the motion to suppress evidence seized from the home of the appellant; (2) the evidence is insufficient to support the verdict; and (3) the sentence is excessive.

Two separate search warrants are involved. The first is for a search of a package from Jack's Video and Slides, Santa Rosa, California, based on the affidavit of Postal Inspector G.G. Vajgert. The package was addressed to "Cogsyell [sic] Drywall" at appellant's Omaha address. The affidavit declared that the mailings from Jack's Video and Jack Brophy of the same address fit a profile for mailings by suppliers of illicit drugs by Express Mail.

The second warrant was based on the postal inspector's affidavit and the affidavit of Officer Michael Terrell of the Omaha Police Division that the police had been told by a reliable confidential informant that Brophy was a drug dealer.

A search of the package by federal authorities disclosed the presence of a large quantity of a substance later identified as methamphetamine. After removal of a large amount of the drug, the package was resealed and delivered to the Cogswell address, where it was received by Mark Cogswell, the appellant.

The second warrant was executed immediately after delivery. Methamphetamine, together with drug paraphernalia, was seized. A motion attacking the validity of the two search warrants was overruled.

The briefs of both the appellant and the State contain learned discussions of the validity of warrants based on mail profiles

and on anticipated possession of drugs after delivery of intercepted contraband. The defense neglected, however, to object to the receipt at trial of the seized drugs and paraphernalia. The State does not discuss that omission in its brief. However, we are obliged to note that a failure to object to evidence at trial, even though the evidence was the subject of a previous motion to suppress, waives the objection, and a party will not be heard to complain of the alleged error on appeal. See, *State v. Cody*, 236 Neb. 69, 459 N.W.2d 195 (1990); *State v. Hill*, 233 Neb. 305, 444 N.W.2d 905 (1989); *State v. Carter*, 226 Neb. 636, 413 N.W.2d 901 (1987); *State v. Pointer*, 224 Neb. 892, 402 N.W.2d 268 (1987). The first assignment of error is without merit.

Evidence at the trial, examined in the light most favorable to the State, establishes that a considerable payment, $8,000, was transmitted by appellant to Jack Brophy. Thereafter, a considerable (larger than that normally held for individual consumption) amount of methamphetamine was sent to appellant by Brophy. Drug records and paraphernalia commonly used in drug distribution were found in his residence.

"In determining the sufficiency of the evidence to support a finding of guilt in a criminal case, this court does not resolve conflicts in the evidence, determine the plausibility of explanations, or weigh the evidence. Those matters are for the finder of fact, whose findings must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support them." *State v. Badami*, 235 Neb. 118, 126, 453 N.W.2d 746, 751 (1990).

" 'On a claim of insufficiency of evidence, the Supreme Court will not set aside a guilty verdict in a criminal case where such verdict is supported by relevant evidence. Only where evidence lacks sufficient probative force as a matter of law may the Supreme Court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt.' " *State v. Zitterkopf*, 236 Neb. 743, 747, 463 N.W.2d 616, 620 (1990).

*State v. Cortis, ante* p. 97, 110-11, 465 N.W.2d 132, 142 (1991). The second assignment is also without merit.

As to the excessiveness of sentence assigned as error, we have uniformly held that a sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Hall, ante* p. 169, 465 N.W.2d 150 (1991).

On examination of the record and the presentence report, we do not discern an abuse of discretion. The judgment and sentence are affirmed.

AFFIRMED.