STATE OF NEBRASKA, APPELLEE, V. BRENT D. DOUGLAS, APPELLANT.
468 N.W.2d 612

Filed May 3, 1991.    No. 90-223.

James Martin Davis for appellant.

Robert M. Spire, Attorney General, and Kenneth W. Payne for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Defendant was charged by information with possession with intent to distribute, deliver, or dispense cocaine, in violation of Neb. Rev. Stat. § 28-416(1)(a) (Reissue 1989). He filed a motion to suppress "the fruits of a search" of his residence and a motion to suppress his statements given to police officers. After hearing, the trial court denied the motions.

Later, a deputy county attorney and counsel for defendant waived jury trial and agreed "to stipulate the police reports into evidence and let The Court make its determination based on that sole exhibit," which was an identified collection of police reports. Defendant made no objection to the admissibility of any matters included in the identified exhibit of police reports.

The trial court found defendant guilty of the crime charged and later sentenced him to 6 to 20 years' confinement, with credit for 1 day in jail prior to sentencing. Defendant appealed to this court, assigning one error, contending that the trial court erred in admitting his statements into evidence. We affirm.

As set out above, no objection was made at trial to the admission of defendant's oral statements. We have held that in a criminal trial, after the pretrial denial of a motion to suppress a defendant's statement, the defendant must object at trial to the receipt of the statement in order to preserve the question for review on appeal. *State v. Pointer*, 224 Neb. 892, 402 N.W.2d 268 (1987); *State v. Cody*, 236 Neb. 69, 459 N.W.2d 195 (1990). See, Neb. Rev. Stat. § 27-103(1)(a) (Reissue 1989); *State v. Robinson*, 233 Neb. 729, 448 N.W.2d 386 (1989); *State v. Cox*, 231 Neb. 495, 437 N.W.2d 134 (1989). There is no reason that that settled rule should not be applied in jury-waived trials submitted on police reports, as in this case.

In addition, we note the appeal approaches the frivolous. In the police reports submitted, it is shown that at least 16 items, including scales, plastic bags, and drain water, seized pursuant to a search warrant, tested positive for the presence of cocaine. That evidence was not objected to and those seizures were not assigned as error in this court.

The judgment is affirmed.

AFFIRMED.