STATE OF NEBRASKA, APPELLEE, V. KEVIN S. LIXEY, APPELLANT.

471 N.W.2d 444

Filed July 5, 1991.  No. 90-478.

Dennis R. Keefe, Lancaster County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Denise E. Frost for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Defendant, Kevin S. Lixey, appeals from his bench trial conviction of theft, pursuant to Neb. Rev. Stat. § 28-511 (Reissue 1989), and his sentence of from 20 months' to 5 years' imprisonment in an institution under the jurisdiction of the Nebraska Department of Correctional Services. Defendant assigns as error the insufficiency of the evidence to support the conviction and the excessiveness of the sentence. We affirm.

According to § 28-511, "A person is guilty of theft if he or she takes, or exercises control over, movable property of another with the intent to deprive him or her thereof." As used in § 28-511,

(1) Deprive shall mean:

(a) To withhold property of another permanently or for so extended a period as to appropriate a major portion of its economic value, or with intent to restore only upon payment of reward or other compensation; or

(b) To dispose of the property of another so as to create a substantial risk that the owner will not recover it in the condition it was when the actor obtained it.

Neb. Rev. Stat. § 28-509 (Reissue 1989).

This case was tried on a stipulated record taken from a companion case, *State v. Banks*, Lancaster County District Court, docket 77, page 219. In that case, Lixey testified after being appropriately warned by the court as to his right against self-incrimination, during a time when his counsel was present in court.

The testimony reflects that on December 25, 1989, Lixey was in the area of 27th and Vine Streets in Lincoln, Nebraska, at approximately 2:15 p.m. Lixey and Larry Banks had walked to this location to find a liquor store which was open and were sharing a half gallon of whiskey which they had purchased there. They consumed all but about 1 inch of the whiskey, and the two of them decided they wanted to go across town to the

"mission." They asked Allen Johnston, who came out of a nearby phone booth, to give them a ride, and Johnston declined to do so. Johnston was using his brother's Monte Carlo automobile, which was parked about 10 feet from the phone booth. The car was unlocked and its motor was running.

Johnston then entered the liquor store for 2 to 3 minutes. When Johnston left the store, he saw the defendant and Banks driving away in his brother's automobile, although he had not given them permission to use the vehicle. Johnston called the police from the liquor store, reported that the automobile had been stolen, and gave the police a description of the automobile. The defendant drove out of the parking lot onto 26th Street, drove south on 26th Street, and then turned west on Vine Street.

A few minutes later, police officer Mark T. Merwick received notice of the incident and a description of the automobile and first observed the vehicle matching the reported description heading east on Cornhusker Highway in the vicinity of 44th Street. The officer turned around to follow this vehicle and noticed that it apparently had become high-centered on a traffic island at the 48th Street intersection. However, before the officer arrived at this location, the vehicle somehow was freed from this position and proceeded south on 48th Street at a rapid rate of acceleration, with Merwick in pursuit. The officer testified that he was traveling at approximately 50 miles per hour in a 35- and then a 25-mile-per-hour speed zone. It did not appear to the officer that he was gaining on the vehicle.

By the time the officer crossed Adams Street, having pursued the vehicle in his patrol car with its siren and flashing lights activated for approximately six or seven blocks, he began to decelerate because he decided to call off the chase due to the congested nature of the neighborhood. About that time, the officer noted the vehicle he was chasing pass on the right side of a slow-moving pickup truck proceeding in the inside of the two southbound lanes of traffic. He then observed the driver of the vehicle lose control and observed the car leave the roadway, strike a vehicle parked in a used-car lot, strike several posts filled with concrete, and then swerve back out into the street and strike a slow-moving Suzuki Samurai. That collision

caused the ejection of a passenger of the Samurai, who then became airborne. The Monte Carlo automobile was a total loss. Officer Merwick approached the stolen vehicle, found the occupants to be extremely intoxicated, and placed them under arrest.

Lixey testified, contrary to the advice of his attorney. However, he, Lixey, told the court that "there wasn't no sense convicting both of us for something I did." Lixey admitted that he and Banks wanted to go across town to the mission and did not want to walk. After Johnston refused their request to drive them there, Lixey observed the Johnston automobile unlocked and running, and he and Banks got in the car and drove away. Lixey admitted that he heard the police siren. He also testified that after the accident, the police came up to the vehicle he was driving and put handcuffs on him and Banks.

Defendant argues that he was not guilty of theft because he did not intend to withhold the property of Johnston's brother permanently or for so extended a period as to appropriate a major portion of its economic value, nor did he intend to dispose of the property so as to create a substantial risk that the owner would not recover it in the condition it was in when he, Lixey, obtained the vehicle.

On a claim of insufficiency of the evidence, the Supreme Court will not set aside a guilty verdict in a criminal case where such verdict is supported by relevant evidence. *State v. Illig*, 237 Neb. 598, 467 N.W.2d 375 (1991).

In determining the sufficiency of the evidence to support a criminal conviction, this court does not resolve conflicts in the evidence, pass upon the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence presented. *State v. Illig, supra.*

Ordinarily, voluntary intoxication does not justify or excuse a crime, unless an accused is intoxicated to an extent or degree that the accused is incapable of forming the intent required as an element of the crime charged. *State v. Saltzman*, 235 Neb. 964, 458 N.W.2d 239 (1990). Whether this situation existed was a question for determination by the trier of fact, which question it decided adversely to the defendant.

Whether the defendant intended to deprive the owner of the

property permanently or for so extended a period as to appropriate a major portion of its economic value, or to dispose of the property of another so as to create a substantial risk that the owner would not recover it in the condition it was in when the defendant obtained it, is to be inferred from the words and acts of the defendant and from the circumstances surrounding the incident. See *State v. Peterson*, 236 Neb. 450, 462 N.W.2d 423 (1990).

The record is clear that the defendant drove the automobile in a direction exactly opposite from that of his destination. He heard the sound of the police officer's siren but nevertheless continued driving at a rate of speed which made it obvious that he was trying to escape apprehension. The evidence was sufficient to permit the trier of fact to determine that defendant intended to deprive the owner of the automobile of its possession permanently. Defendant's first assignment of error is without merit.

Theft is a Class IV felony when the value of the thing involved is $300 or more, but less than $1,000. The evidence was undisputed that the vehicle fell within this value range. The punishment for a Class IV felony is imprisonment for not more than 5 years, a fine of not more than $10,000, or both such imprisonment and fine.

Defendant waived his right to a presentence investigation report, but information brought forth prior to his sentencing disclosed that he had been before the same court a short time earlier for possession of 42 pounds of marijuana. A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Cogswell*, 237 Neb. 769, 467 N.W.2d 680 (1991). There was no abuse of discretion in this case.

The judgment of the district court is affirmed.

AFFIRMED.