STATE OF NEBRASKA, APPELLEE, V. MARVIN P. KOSMICKI, APPELLANT.
476 N.W.2d 550

Filed October 25, 1991.    No. 90-988.

Roger D. Nunnenkamp, Deputy Hall County Public Defender, for appellant.

Mark J. Young, Deputy Hall County Attorney, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Not satisfied with evidentiary rulings of the trial court and the overruling of his motion for a directed verdict at the close of the State's case in chief, and complaining that his sentence is excessive, 27-year-old Marvin P. Kosmicki appeals his jury conviction and sentence for delivering marijuana, a controlled substance.

We affirm the defendant's conviction and the prison sentence of not less than 2 nor more than 3 years imposed upon Kosmicki by the district court for Hall County.

The defendant was arrested for selling marijuana to a Nebraska State Patrol undercover narcotics agent. The agent testified that on July 12, 1989, he was introduced to the defendant at a bar in Grand Island, Nebraska, at which time the defendant agreed to sell the agent one-quarter ounce of marijuana for $35. Upon receiving payment from the agent, Kosmicki left the bar to obtain the marijuana. In the early morning hours of July 13, the defendant met the undercover agent in the bar's parking lot and delivered to him a plastic baggie containing a green leafy substance. This plastic baggie and its contents were received in evidence at trial as exhibit 2,

and the contents were identified as marijuana.

## EVIDENTIARY RULINGS

In the defendant's first two assignments of error, he alleges that the district court was incorrect in overruling his objections to testimony identifying the contents of exhibit 2.

Kosmicki objected to the reception in evidence of the undercover agent's opinion that exhibit 2 contained marijuana. Foundationally, the agent testified that, through training and experience, he was familiar with the language of the drug culture. He further testified that he was familiar with the drug business in Grand Island. His training consisted of three courses covering the identification of narcotics and controlled substances, investigative techniques, and specifically the identification of marijuana. In addition, during 2 years as an undercover officer, the agent had made approximately 150 marijuana buys. After the foregoing foundational testimony was received, over the defendant's objection to foundation, competency, and relevancy, the agent was permitted to testify that in his opinion the substance contained in the plastic baggie he received from the defendant was marijuana. Kosmicki claims that exhibit 2 should not have been received in evidence over his objection. On appeal, Kosmicki makes no complaint that the undercover agent did not possess sufficient training and experience to give an opinion as to the contents of exhibit 2. The defendant complains only that there was a lack of foundation for the agent's opinion because the agent did not testify that he had used his training and experience to form his opinion. Kosmicki's complaint is frivolous. The record reveals that when the agent gave his opinion, the following exchange took place on direct examination: "Q. . . . *[B]ased upon your training and experience* . . . do you have an opinion as to whether or not the substance contained in Exhibit 2 is marijuana? A. Yes. . . . It is marijuana." (Emphasis supplied.)

Kosmicki also objected to Deb Campbell, a forensic drug chemist for the Nebraska State Patrol Criminalistics Laboratory, testifying that exhibit 2 contained marijuana. The district court permitted her to testify, over the defendant's objection, that exhibit 2 did contain marijuana. Kosmicki

claims that Campbell lacked sufficient experience, training, and education to form her opinion. The record reveals that Campbell received a bachelor's degree in both biology and medical technology, and that in her capacity as a chemist for the state criminalistics laboratory she had analyzed over 500 samples of suspected marijuana to determine if they did indeed contain marijuana. She had previously testified as an expert in the chemical analysis of controlled substances for the State 9 or 10 times.

Neb. Rev. Stat. § 27-702 (Reissue 1989) provides that a witness may render expert testimony if that witness is qualified as an expert by knowledge, training, skill, experience, or education. Because both the Nebraska State Patrol undercover agent and Campbell qualified as expert witnesses under the statute, defendant's assignments of error involving evidentiary rulings concerning expert testimony are without merit.

In support of his third assignment of error, Kosmicki argues that the State failed to prove a proper chain of custody as a foundation for the admission of exhibit 2 into evidence. Apparently, this argument arises from the testimony of Campbell that a male laboratory chemist had also performed tests on the substance contained in exhibit 2 and that that chemist had been accused of taking marijuana evidence that was about to be destroyed. Campbell also testified that there was no accusation that the other chemist had improperly placed any substance into any evidence bags. There was no testimony that any marijuana was removed by the other chemist from exhibit 2. Nor was there testimony that the other chemist had placed any substance in exhibit 2 that did not belong there.

In *State v. Green*, 238 Neb. 492, 505, 471 N.W.2d 413, 424 (1991), we repeated the principle governing proper foundation for the admission of exhibits:

"[A]n exhibit is admissible, so far as identity is concerned, when it has been identified as being the same object about which the testimony was given. It must also be shown to the satisfaction of the trial court that no substantial change has taken place in the exhibit so as to render it misleading. As long as the article can be identified, it is immaterial in how many or in whose hands it has been."

The undercover agent testified that exhibit 2 was placed in a locked, sealed envelope on July 13 and hand delivered by him to the Nebraska State Patrol Criminalistics Laboratory on July 25, still in its sealed condition. The agent testified that the contents of exhibit 2 at trial were in substantially the same condition as they were on the date he had "last examined" them. The agent testified that before he sealed exhibit 2 a field test revealed that the contents of the baggie he received from the defendant were marijuana. The record indicates that the undercover agent "last examined" the contents of exhibit 2 before it was sealed and sent to the state laboratory.

There was no error by the trial court in admitting exhibit 2 into evidence.

## MOTION FOR DIRECTED VERDICT

Defendant's fourth assignment of error claims that the trial court erred in overruling his motion for a directed verdict, which was made at the close of the State's case in chief. A defendant who moves for a directed verdict at the close of the plaintiff's evidence and, upon the overruling of such motion, proceeds with trial and introduces evidence waives any error in the ruling on the motion for a directed verdict. *State v. Thomas*, 238 Neb. 4, 468 N.W.2d 607 (1991). In this case, Kosmicki introduced evidence after his motion for a directed verdict was overruled, thereby waiving any error there may have been on the ruling.

## SENTENCE

Having been convicted of delivering a controlled substance, in violation of Neb. Rev. Stat. § 28-416(1)(a) (Cum. Supp. 1988), a Class III felony, Kosmicki was subject to not less than 1 nor more than 20 years' imprisonment, up to a $25,000 fine, or both. Neb. Rev. Stat. § 28-105 (Reissue 1985). In his fifth and final assignment of error, the defendant claims that the sentence imposed upon him of not less than 2 nor more than 3 years is excessive. He argues that he was rated as a poor risk for probation solely because of his diagnosis as a paranoid schizophrenic, and thus he is being punished for his illness and not for his crime.

A sentence imposed within the statutory limits will not be

disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Lixey*, 238 Neb. 540, 471 N.W.2d 444 (1991). A review of the presentence investigation report reflects that Kosmicki has a criminal record dating from 1981, including prior convictions for possession of marijuana and possession of drug paraphernalia. He also has a lengthy history of drug and alcohol abuse, beginning at age 14. The court found Kosmicki not to be a suitable candidate for probation and that if the defendant were to be placed on probation, he would continue to engage in criminal activity.

There was no abuse of discretion by the trial court in its sentencing of the defendant.

The judgment of the district court is affirmed.

AFFIRMED.