Robert E. Dyer, appellant, v. Hastings Industries, Inc., and CNA Insurance Companies, appellees.

528 N.W.2d 363

Filed March 7, 1995.   No. A-94-708.

T.J. Hallinan, of Cobb, Hallinan & Ehrlich, P.C., for appellant.

Dallas D. Jones and Brenda S. Spilker, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellees.

IRWIN and MILLER-LERMAN, Judges, and MORAN, District Judge, Retired.

MORAN, District Judge, Retired.
Robert E. Dyer appeals from a Workers' Compensation Court review panel order that affirmed the trial court's decision to dismiss Dyer's petition. Dyer filed a petition with the Workers' Compensation Court requesting benefits on the basis that he was harassed by his supervisor, which caused Dyer to suffer injuries. Hastings Industries, Inc., and its workers' compensation insurance carrier, CNA Insurance Companies, filed a motion for summary judgment or, in the alternative, judgment on the pleadings. The trial court granted the motion for judgment on the pleadings and dismissed Dyer's petition.

## STATEMENT OF FACTS

Robert E. Dyer was an employee of Hastings Industries, Inc. Dyer alleged in a petition for workers' compensation benefits that while he was working for Hastings Industries, he was "exposed to severe harassment by his supervisors at work." Dyer alleged that as a result of the harassment, he incurred severe depression and adjustment disorder, which manifested itself in the form of loss of appetite, loss of sleep, and homicidal ideation. Dyer claimed that as a result of his depression, he is totally and permanently disabled.

Hastings Industries and CNA filed an answer in response to Dyer's petition, denying all of Dyer's allegations and alleging that if Dyer had suffered any disability, it was not as the result of an accident or occupational disease arising out of or in the course of Dyer's employment with Hastings Industries. Hastings Industries and CNA then filed a summary judgment motion. The trial court denied Hastings Industries and CNA's

motion on the basis that there is no statutory provision or rule which authorizes the Workers' Compensation Court to grant summary judgments.

Hastings Industries and CNA then filed a motion for summary judgment and alternative motion for judgment on the pleadings. A hearing on the motion was had, at which evidence was entered, including a deposition of Dyer and a letter and medical report from his doctor. The trial court found:

### I

. . . The plaintiff is not contending that he has suffered any violence to the physical structure of his body. The law in this state is that mental injuries which are not accompanied by "violence to the physical structure of the body" are not compensable. [Citation omitted.] The plaintiff has not alleged and the evidence received by the court does not show that the plaintiff is claiming any actual physical injury. As the plaintiff has alleged only mental injuries, he has failed to state a cause of action upon which relief may be granted to him.

### II

No genuine issues of material fact or law appear herein and as the plaintiff has failed to state a cause of action upon which relief could be granted, the Motion . . . for judgment on the pleadings should be sustained . . . .

Upon appeal, the review panel affirmed the trial court's order dismissing Dyer's petition. Dyer appeals to this court.

## ASSIGNMENTS OF ERROR

Dyer alleges that the trial court erred (1) when it granted judgment on the pleadings because such procedure is not authorized by rule or statute; (2) when it considered evidence submitted when deciding upon the motion; (3) when it found that Dyer alleged only mental injuries, when he had alleged physical objective injuries; and (4) when it failed to find that Dyer was entitled to workers' compensation benefits.

## STANDARD OF REVIEW

A judgment, order, or award of the compensation court may be modified, reversed, or set aside only upon grounds that (1) the compensation court acted without or in excess of its

powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Haney v. Aaron Ferer & Sons, ante* p. 14, 521 N.W.2d 77 (1994).

■ In determining whether to affirm, modify, reverse, or set aside the judgment of the review panel, a higher appellate court reviews the findings of the single judge who conducted the original hearing. *Id.*

■ The findings of fact made by a Workers' Compensation Court trial judge are not to be disturbed upon appeal to a Workers' Compensation Court review panel unless they are clearly wrong, and if the record contains evidence to substantiate the factual conclusions reached by the trial judge, the review panel shall not substitute its view of the facts for that of the trial judge. *Pearson v. Lincoln Telephone Co.*, 2 Neb. App. 703, 513 N.W.2d 361 (1994).

## ANALYSIS

Dyer alleges that the Workers' Compensation Court is not empowered to render a judgment on the pleadings, as there is no statutory authority allowing such a motion to be made to the compensation court. In a motion for judgment on the pleadings in a civil case, the moving party admits the truth of the well-pleaded facts in the opposing party's pleadings, together with all reasonable inferences to be drawn from such facts. *Ruwe v. Farmers Mut. United Ins. Co.*, 238 Neb. 67, 469 N.W.2d 129 (1991).

However, unlike civil courts, courts of workers' compensation generally will accept in lieu of a petition any paper that contains the substance usually supplied by a formal claim, although the form may be defective. 2B Arthur Larson, The Law of Workmen's Compensation § 77A.31 (1994).

Neb. Rev. Stat. § 48-173 (Reissue 1993) states that a petition for workers' compensation benefits shall contain

> the names and places of residence of the parties and the facts relating to the employment at the time of the injury for which compensation is claimed, the injury in its extent

and character, the amount of wages being received at the time of the injury, the knowledge of or notice to the employer of the occurrence of such injury, and such other facts as may be considered necessary for the information of the compensation court, and also stating the matter or matters in dispute and the contention of the petitioner with reference thereto.

The Workers' Compensation Act further provides:

Within seven days after the return day of such summons the party at interest upon whom the same is served shall file an answer to such petition, which shall admit or deny the substantial averments of the petition, and shall state the contention of the defendant with reference to the matters in dispute as disclosed by the petition.

Neb. Rev. Stat. § 48-176 (Reissue 1993).

The next procedural step provided for in the statutes is a hearing on the cause. Neb. Rev. Stat. § 48-177 (Reissue 1993). There is no provision in the statutes for a summary judgment motion or for a motion for judgment on the pleadings. The Workers' Compensation Court is a tribunal of limited and special jurisdiction and has only such authority as has been conferred upon it by statute. *Smith v. Fremont Contract Carriers*, 218 Neb. 652, 358 N.W.2d 211 (1984). For example, although a court of general jurisdiction has the inherent power to vacate or modify its own judgment, such power does not apply to statutory tribunals such as the Workers' Compensation Court. *Id.* The Workers' Compensation Court cannot grant a motion for new trial. *Carter v. Weyerhaeuser Co.*, 234 Neb. 558, 452 N.W.2d 32 (1990). See, also, *Black v. Sioux City Foundry Co.*, 224 Neb. 824, 401 N.W.2d 679 (1987).

Because the court was not authorized to order judgment on the pleadings and such a motion does not advance the liberal pleading policy behind the Workers' Compensation Act, we find that the trial court erred when it granted Hastings Industries and CNA's motion for judgment on the pleadings. We therefore reverse the judgment and remand the cause with directions to reinstate Dyer's petition.

REVERSED AND REMANDED WITH DIRECTIONS.